[No. B235890. Second Dist., Div. Six. Nov. 29, 2012.]

DANIEL R. SHUSTER et al., Plaintiffs and Appellants, v.
BAC HOME LOANS SERVICING, LP, et al., Defendants and Respondents.

**COUNSEL**

Mark Brifman for Plaintiffs and Appellants.

Bryan Cave, Glenn J. Plattner and Curt R. Wiele for Defendants and Respondents Bank of America, N.A. and ReconTrust Company, N.A.

The Ryan Firm, Timothy M. Ryan and Michael W. Stoltzman, Jr., for Defendant and Respondent Arch Bay Holdings, LLC Series 2010B.

**OPINION**

**PERREN, J.**—Appellants Daniel R. and Yvette Shuster borrowed $670,000 to purchase a home. The deed of trust securing the loan did not name a trustee. Here we hold that the omission of a trustee does not preclude nonjudicial foreclosure of the deed of trust.

After the Shusters fell more than $90,000 behind in payments, the beneficiary of the deed of trust substituted respondent ReconTrust Company, N.A. (ReconTrust), as trustee to initiate nonjudicial foreclosure proceedings. The beneficiary also assigned its interest in the deed of trust to respondent BAC Home Loans Servicing, LP (BAC),[1] which later assigned its interest to respondent Arch Bay Holdings, LLC—Series 2010B (Arch Bay). Arch Bay purchased the property at the foreclosure sale.

The Shusters sued to set aside the sale, primarily because the deed of trust failed to designate a trustee. Although an issue of first impression in California, the weight of authority from other jurisdictions supports the trial

---

[1] BAC formerly was known as Countrywide Home Loans Servicing, LP, as servicer for HSBC Bank USA, N.A. Bank of America, N.A., is the successor by merger to BAC.

court's conclusion that the omission of a trustee does not prevent enforcement of the deed of trust. Accordingly, ReconTrust, as substituted trustee, had authority to commence foreclosure under Civil Code section 2924, subdivision (a)(1).[2] The Shusters' claims also fail because they do not allege tender of the amounts due under the loan. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2006, the Shusters borrowed $670,000 from WMC Mortgage Corp. (WMC) to purchase a residence located at 2610 Bloom Street, Simi Valley, California (Property). WMC recorded a deed of trust against the Property to secure the debt. The deed of trust did not name a trustee, but designated Mortgage Electronic Registration Systems, Inc. (MERS), as beneficiary, giving MERS "the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling [the trust deed]."

In 2010, the Shusters defaulted. MERS substituted ReconTrust as trustee, and assigned its beneficial interest in the deed of trust to BAC. ReconTrust recorded a notice of default, claiming arrearages in excess of $90,000. The Shusters failed to cure the default, and ReconTrust recorded a notice of trustee's sale. BAC assigned its beneficial interest in the deed of trust to Arch Bay, which acquired the Property at the sale.

The Shusters filed a complaint for quiet title, wrongful foreclosure and breach of contract, alleging respondents had no right to foreclose under the deed of trust. They sought cancellation of all recorded documents related to the foreclosure, plus actual and punitive damages. Respondents demurred and requested that the trial court take judicial notice of certain recorded documents related to the foreclosure. The Shusters did not object to the request for judicial notice. The trial court granted the request and sustained the demurrers with leave to amend.

The Shusters filed a first amended complaint alleging causes of action for cancellation of instruments, wrongful foreclosure and breach of contract. Respondents again demurred and requested that the trial court take judicial notice of the foreclosure documents. The Shusters did not object to the request.

Following supplemental briefing regarding the enforceability of a deed of trust that omits a trustee, the trial court concluded the omission "is no impediment to enforcement of the Trust Deed . . . ." The court sustained BAC and ReconTrust's demurrer without leave to amend and entered an order of dismissal on June 7, 2011.

---

[2] All undesignated statutory references are to the Civil Code.

The trial court granted Arch Bay's request for judicial notice and sustained its demurrer with leave to amend. The court determined that Arch Bay had purchased the Property pursuant to a properly noticed trustee's sale and that the Shusters had failed to plead a viable ownership interest. The court observed that MERS, as the beneficiary, "had the authority to substitute in the trustee and assign its interest to BAC . . . . It does not matter that MERS never had any ownership interest or obligation under the security instrument; it was the listed beneficiary." The court further noted "there has been no tender or offer of a tender by Plaintiffs."

The Shusters filed a second amended complaint, again alleging claims for cancellation of instruments, wrongful foreclosure and breach of contract. Arch Bay demurred and requested that the trial court take judicial notice of the same foreclosure documents.[3] For the first time, the Shusters objected to the request for judicial notice. The trial court overruled the objections and sustained the demurrer without leave to amend, remarking the Shusters "do not plead additional material facts in their [second amended complaint]; [i]nstead, they formulate novel arguments based on prior allegations." The trial court entered a judgment of dismissal on August 26, 2011. The Shusters appeal.

## DISCUSSION

### Standard of Review

We review an order sustaining a demurrer de novo, exercising our independent judgment to determine whether a cause of action has been stated under any legal theory. (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 788 [9 Cal.Rptr.3d 734].) We accept as true properly pleaded allegations of fact, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We also consider matters subject to judicial notice. (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298 [38 Cal.Rptr.3d 316].) "The burden is on [appellant] to demonstrate the manner in which the complaint might be amended, and the appellate court must affirm the judgment if it is correct on any theory." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459–460 [80 Cal.Rptr.2d 329].)

### Omission of Trustee in Deed of Trust

The fundamental premise of the Shusters' allegations is that respondents lacked authority to foreclose under the power of sale given by the deed of

---

[3] Although the second amended complaint alleged claims against BAC and ReconTrust, they did not demur to that complaint because the trial court already had dismissed them from the case.

trust. The Shusters assert the deed of trust's failure to designate a trustee transformed the instrument into a "mortgage." They contend that because a mortgage may be foreclosed only through a judicial foreclosure, the trustee's sale of the Property through a nonjudicial foreclosure is invalid and must be set aside. (See 4 Witkin, Summary of Cal. Law (10th ed. 2005) Security Transactions in Real Property, § 5, p. 795 [unless mortgage contains a power of sale, mortgagee's only remedy is judicial foreclosure].)

■ As we have noted, although other jurisdictions have rejected this theory, it appears to be an issue of first impression in California. In *In re Bisbee* (1988) 157 Ariz. 31 [754 P.2d 1135] (*Bisbee*), the appellants maintained that when a deed of trust fails to name a trustee, "there [is] no one to receive a transfer of the property, and, therefore, no lien [is] created." (*Id.*, 754 P.2d at p. 1137.) After reviewing traditional trust laws and the Arizona real property statutes—modeled after California law—the court concluded a valid trust is created notwithstanding the failure to designate a trustee. (*Id.* at p. 1138.) This ruling is consistent with California probate cases stating equity will not allow a trust to fail for lack of a trustee. (*Estate of Barter* (1947) 30 Cal.2d 549, 556 [184 P.2d 305]; *Estate of McCray* (1928) 204 Cal. 399, 403 [268 P. 647].)

■ *Bisbee* emphasized a trustee under a deed of trust holds "bare legal title—sufficient only to permit him to convey the property at the out of court sale. All other incidents of title remain in the trustor. . . . [Citation.]" (*Bisbee, supra*, 754 P.2d at p. 1138.) Because the trustor is free to transfer the property and to enjoy all other incidents of ownership, the court determined a deed of trust is essentially a mortgage with the power to convey upon default. (*Ibid.*) The court observed "[a] trustee under a deed of trust has neither the legal powers nor the obligations of a trustee under traditional trust law. Instead he serves as a type of common agent for both parties." (*Ibid.*) As a result, "the mere failure to designate trustees does not render the deeds of trust invalid as between the parties to the trust deed instruments." (*Ibid.*) In other words, the naming of the trustee is irrelevant to the creation of the deed of trust, so long as a trustee is named prior to the foreclosure. (*Id.* at p. 1137 ["[T]he only effect of the absence of a valid trustee is that no action required to be taken by the trustee may be taken until a successor trustee is appointed."]; *In re Burche* (Bankr. W.D.Mo. 2000) 249 B.R. 518, 524, fn. omitted ["[A deed of trust] is not invalid if it fails to name a trustee, especially if the mortgagee reserves the right to name a successor trustee."]; *New York Life Ins. Co. v. Kennedy* (1926) 146 Va. 197, 206 [135 S.E. 882, 885] ["While it is usual for the parties to name the trustee, this is not essential to the validity of the deed of trust."].)

■ *Mid City Management Corp. v. Loewi Realty Corp.* (5th Cir. 1981) 643 F.2d 386, 388 (*Mid City*) upheld a nonjudicial foreclosure sale where, as

here, the deed of trust failed to name a trustee. After the borrower defaulted, the beneficiary substituted a trustee who held the foreclosure sale. (*Ibid.*) The court determined the failure to name an original trustee did not render the deed of trust unenforceable or prevent the subsequent appointment of a substitute trustee to sell the property. (*Ibid.*) The court perceived the omission "was so palpable a mistake that proceedings for reformation of the [deed of trust] were unnecessary." (*Ibid.*)

The Shusters make no attempt to distinguish *Bisbee*, *Mid City* or the other out-of-state authorities. Nor do they mention the California authorities holding that equity will not allow a trust to fail for lack of a trustee. (*Estate of Barter, supra*, 30 Cal.2d at p. 556; *Estate of McCray, supra*, 204 Cal. at p. 403.) Instead, they analogize to cases establishing that a conveyance with no *grantee* is void. (E.g., *Green v. MacAdam* (1959) 175 Cal.App.2d 481, 485–486 [346 P.2d 474]; *Overton v. Harband* (1935) 6 Cal.App.2d 455, 460 [44 P.2d 484].)

■ The Shusters' analogy fails. A grantee is not the same as a trustee. The character of "title" provided by a grant deed differs substantially from that provided by a deed of trust. A grant deed conveys a fee simple title to the grantee for all purposes. (*Bank of Italy etc. Assn. v. Bentley* (1933) 217 Cal. 644, 656 [20 P.2d 940], superseded by statute on other grounds as stated in *Ung v. Koehler* (2005) 135 Cal.App.4th 186, 192–194 [37 Cal.Rptr.3d 311].) In contrast, a trustee under a deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt." (*Bank of Italy etc. Assn.*, at p. 656; see *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 335 [85 Cal.Rptr.3d 532].) We agree with the trial court that the omission of the trustee does not preclude enforcement of the deed of trust. It is sufficient that MERS, as beneficiary, appointed a substitute trustee prior to the foreclosure. (See *Bisbee, supra*, 754 P.2d at p. 1138.)

*"Holder in Due Course" Theory*

■ The Shusters also contend that respondents had no right to foreclose because they were not the "holder in due course" of the promissory note, and that only WMC, as the original holder of the note, had that right. They are incorrect. California's statutory nonjudicial foreclosure scheme (§§ 2924–2924k) does not require that the foreclosing party have a beneficial interest in or physical possession of the note. (*Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433, 440–441 [138 Cal.Rptr.3d 830] ["We . . . see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note."]; *Lane v. Vitek Real Estate Industries Group* (E.D.Cal. 2010) 713 F.Supp.2d 1092, 1099

[California "does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale."].) Section 2924, subdivision (a)(1) specifically permits the "trustee, mortgagee, or beneficiary, or any of their authorized agents" to institute foreclosure by recording a notice of default. (See *Debrunner*, at p. 440; *Lane*, at p. 1098.) The trial court correctly concluded that ReconTrust, as trustee, had statutory authority to commence foreclosure.[4]

### Failure to Allege Tender of Amounts Due Under Loan

■ Respondents assert that regardless of the trial court's other rulings, the Shusters' claims fail because they do not allege tender of the amounts due and owing under the loan. We agree. Each of the Shusters' causes of action alleges irregularities in the foreclosure process which they claim invalidate the sale. As a general rule, a debtor cannot set aside the foreclosure based on irregularities in the sale without also alleging tender of the amount of the secured debt. (*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 [92 Cal.Rptr. 851] ["A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."]; see *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 [51 Cal.Rptr.2d 286] [sustaining demurrer for lack of tender of amounts due and owing under the loan].) "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." (*FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1022 [255 Cal.Rptr. 157]; see *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112 [134 Cal.Rptr.3d 622].)

Courts recognize certain exceptions to the tender rule, such as when the borrower challenges the validity of the underlying debt, asserts a counter-claim or setoff against the beneficiary or demonstrates the deed of trust is void on its face. (See *Lona v. Citibank, N.A., supra*, 202 Cal.App.4th at pp. 112–114.) The second amended complaint does not allege facts implicating these exceptions. At oral argument, the Shusters' counsel highlighted that respondents initially provided the trial court with a copy of the original

---

[4] The Shusters summarily assert the trial court abused its discretion by overruling their objections to the request for judicial notice filed with Arch Bay's third demurrer. The Shusters waived these objections by failing to oppose the trial court's grant of the same judicial notice request in the two prior demurrer proceedings. (See *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 406, fn. 3 [59 Cal.Rptr.2d 103] ["[F]ailure to timely object to the propriety of judicial notice . . . is deemed a waiver of that objection."].) In any event, the Shusters have not demonstrated reversible error. They state the trial court "seems" to have erred by taking judicial notice of the contents of documents, but do not specify where this occurred in the record or how it affected the judgment. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [75 Cal.Rptr.2d 27].)

promissory note signed by the Shusters and then, six months later, provided a copy of the endorsed note. Citing this delay, the Shusters speculate "there is something not quite right going on," perhaps even forgery, but are unable to articulate any facts supporting this theory or demonstrating prejudice.

In 2010, the Shusters owed more than $90,000 in backpayments. Two years later, they continue to occupy the Property "rent free," claiming they are entitled to possession because respondents did not judicially foreclose. They do not allege facts showing that a judicial foreclosure would be anything other than a futile act or delay tactic. (See *Lona v. Citibank, N.A., supra,* 202 Cal.App.4th at p. 112; *FPCI RE-HAB 01 v. E & G Investments, Ltd., supra,* 207 Cal.App.3d at p. 1022.) The nonjudicial foreclosure occurred because the Shusters failed to make their loan payments. Unable to avoid that foreclosure, they are unlikely to avoid another. In the absence of an allegation of tender or offer of tender, the trial court properly sustained the demurrers without leave to amend.

We are mindful that foreclosures are a far too frequent occurrence in today's difficult financial times. But the hardship must not become a haven for those who, as here, do not appear to make any good faith effort to resolve the issue but, instead, seek shelter in minor ministerial omissions or speculative acts that neither misled nor prejudiced them.

## DISPOSITION

The judgment of dismissal as to each respondent is affirmed. Respondents shall recover their costs on appeal.

Gilbert, P. J., and Yegan, J., concurred.