Filed 6/19/13  Attili v. E*Trade Bank CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JAD ATTILI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>E*TRADE BANK et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B242534<br>(Super. Ct. No. 56-2010-00373496-CU-OR-SIM)<br>(Ventura County) |

Appellant Jad Attili borrowed $1 million to purchase a home, secured by a deed of trust on the property.  When Attili stopped making his monthly payments, the loan servicer, respondent OneWest Bank, FSB (OneWest), appointed a successor trustee to institute nonjudicial foreclosure proceedings.  Attili failed to cure the default, and the trustee sold the property at a foreclosure sale.  Attili's fourth amended complaint seeks damages against OneWest and respondent E*Trade Bank (E*Trade) for, inter alia, wrongful foreclosure, intentional infliction of emotional distress and promissory estoppel.

The trial court dismissed Attili's claim for intentional infliction of emotional distress and granted respondents' motion for summary judgment as to the remaining claims.  Attili contends triable issues of fact exist that preclude the grant of summary judgment.  We disagree and affirm.

FACTS AND PROCEDURAL BACKGROUND

In June 2006, MortgageIt, Inc. (MortgageIt) loaned Attili $1 million to purchase a $1,265,980 single-family residence located at 4244 Copperstone Avenue in Simi Valley (Property). To secure repayment of the loan, Attili signed a promissory note and deed of trust. The deed of trust gave the lender, its nominee and its successors and assigns the power to sell the Property upon default, and provided that the note "can be sold one or more times without prior notice" to the borrower. It also provided that a successor trustee could be appointed, and that "the successor trustee shall succeed to all the title, powers and duties conferred upon the [original] Trustee . . . ."

MortgageIt reportedly sold the note to IndyMac Bank, FSB (IndyMac) which retained the servicing rights to the loan, but sold the note to UBS Real Estate Securities Inc. (UBS) under a master loan purchasing and servicing agreement. UBS subsequently assigned the note to E*Trade. After IndyMac failed, OneWest acquired the servicing rights to the loan. Attili disputes whether MortgageIt effectively transferred ownership of the note, but admits that OneWest serviced his loan between March 2009 and May 2010.

Citing a decrease in income, Attili sought a loan modification from OneWest. Attili claims that he spoke with approximately 20 OneWest servicing representatives between June and September 2009, and that "one or two" of the representatives told him he would not be considered for a loan modification unless he first defaulted on his loan payments. Based on this "advice," Attili stopped making payments in June 2009.

OneWest purportedly sent at least two letters to Attili advising him of the default and outlining options to avoid foreclosure. In October 2009, OneWest substituted Quality Loan Service Company (Quality) as trustee under the deed of trust. After Quality recorded a notice of default against the Property, OneWest advised Attili that he did not qualify for a loan modification due to its contractual obligations with the owner of the loan. Attili made no attempt to cure the default, and Quality recorded a notice of trustee's

sale. Following a series of delays, primarily due to Attili's bankruptcy proceedings, a third party purchased the Property at the sale in May 2010.

Attili subsequently sued E\*Trade, OneWest, Quality and others for wrongful foreclosure. After a number of successful demurrers, Attili filed a fourth amended complaint against E\*Trade and OneWest alleging causes of action for (1) declaratory relief, (2) wrongful foreclosure, (3) intentional infliction of emotional distress, (4) promissory estoppel, and (5) breach of the implied covenant of good faith and fair dealing. The first two causes of action allege that respondents lacked authority to foreclose because they "did not in fact own the note secured by the deed of trust," and did not comply with certain obligations under Civil Code section 2923.5.[1] The cause of action for promissory estoppel alleges that Attili relied to his detriment on IndyMac's promise to offer him a loan modification if he defaulted on his loan. The final cause of action for breach of the covenant of good faith and fair dealing reiterates the prior allegations and further alleges that respondents improperly recorded certain documents in connection with the foreclosure. The complaint seeks compensatory and punitive damages, but does not seek to set aside the sale.

The trial court sustained, with leave to amend, respondents' demurrer to the third cause of action for intentional infliction of emotional distress. It also sustained E\*Trade's demurrer to the claims for promissory estoppel and breach of the implied covenant of good faith and fair dealing. Attili elected not to amend his pleading, and the trial court dismissed those causes of action with prejudice.[2]

The trial court granted respondents' subsequent motion for summary judgment as to the remaining claims. The court determined that even though respondents did not establish some of the alleged material facts, including E\*Trade's ownership of the

---

[1] All further statutory references are to the Civil Code unless otherwise stated.

[2] Appellant's appendix does not include the order of dismissal or the trial court's minute order granting the motion for summary judgment. We have taken judicial notice of these documents in the court's file in *Jed Attili v. E\*Trade Bank et al.* (Super. Ct. Ventura County, 2012, No. 56-2010-00373496-CU-OR-SIM). (Evid. Code, §§ 452, subd. (d), 459.)

3

note, "[t]here are no triable issues of fact as to any wrongdoing in the foreclosure process, as to promissory estoppel, or as to breach of the implied covenant of good faith and fair dealing." The court further noted, "[t]he declaratory relief cause of action simply restates the theories of liability covered by the other causes of action." Attili appeals.

DISCUSSION

*Standard of Review*

Attili's notice of appeal references both the summary judgment and the prior order of dismissal, but his opening brief clarifies that "[t]he issue in this case is whether the trial court erred in granting summary judgment in favor of the Defendants . . . ." The brief does not raise any issues concerning the dismissal of his claim for intentional infliction of emotional distress as to both respondents and his claims for promissory estoppel and breach of the covenant of good faith and fair dealing as to E*Trade. We therefore limit our discussion to the propriety of the summary judgment ruling. (See *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 ["Issues not raised in an appellant's brief are deemed waived or abandoned"].)

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) We review the record de novo to determine whether triable issues of material fact exist and whether respondents were entitled to judgment as a matter of law. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.)

*Declaratory Relief and Wrongful Foreclosure*

Attili's causes of action for declaratory relief and wrongful foreclosure allege that respondents lacked authority to foreclose because neither party was the owner of the note secured by the deed of trust. Attili concedes the law does not require a foreclosing party to actually produce the original note, but asserts that the party, at a minimum, must prove an enforceable interest in the note. He is incorrect.

As we recently stated in *Shuster v. BAC Home Loans Servicing,* LP (2012) 211 Cal.App.4th 505, 511 (*Shuster*), "California's statutory nonjudicial foreclosure

4

scheme (§§ 2924-2924k) does not require that the foreclosing party have a beneficial interest in or physical possession of the note." (Accord, *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497; *Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433, 440-441 (*Debrunner*); *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154; *Lane v. Vitek Real Estate Industries Group* (E.D. Cal. 2010) 713 F.Supp.2d 1092, 1099.) "Section 2924, subdivision (a)(1) specifically permits the 'trustee, mortgagee, or beneficiary, or any of their authorized agents' to institute foreclosure by recording a notice of default." (*Shuster*, at p. 512.) It does not require "a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." (*Gomes,* at p. 1155.)

Respondents failed to establish that E*Trade was the lawful owner of Attili's note, but they did establish that OneWest was the designated loan servicer under the deed of trust. As the lender's authorized agent, OneWest had authority to appoint a successor trustee to institute nonjudicial foreclosure proceedings. As the successor trustee, Quality had authority to record the notice of default and notice of trustee's sale. (*Shuster, supra,* 211 Cal.App.4th at p. 512; see § 2924b, subd. (b)(4) ["A 'person authorized to record the notice of default or the notice of sale' shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee"].) The note holder's involvement in the foreclosure is inconsequential. (§ 2924, subd. (a)(1); *Shuster*, at pp. 511-512.)

Moreover, Attili has not shown that he was prejudiced by respondents' actions. (*Debrunner, supra*, 204 Cal.App.4th at p. 443.) Attili admits he borrowed $1 million from MortgageIt, pledged the Property as security for the loan and failed to make the required payments. If, as Attili claims, OneWest lacked authority to foreclose, "the true victim was not [Attili] but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) The purported assignments of the note merely substituted one creditor for another without changing Attili's obligations, such that the

5

foreclosure would have occurred regardless of the validity of the assignments. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508.)

Attili's complaint also alleges that respondents violated section 2923.5, which bars mortgagees, trustees, beneficiaries or authorized agents from filing a notice of default until 30 days after "initial contact" with the borrower or 30 days after satisfying certain due diligence requirements. Attili did not address that allegation in his opposition to the summary judgment motion. Nor does he cite or refer to section 2923.5 in his opening brief. Accordingly, we deem the issue waived on appeal. (See *Reyes v. Kosha, supra*, 65 Cal.App.4th at p. 466, fn. 6.) The trial court properly concluded that no triable issues of material fact exist as to Attili's claims for declaratory relief and wrongful foreclosure.

*Promissory Estoppel and Breach of*

*Implied Covenant of Good Faith and Fair Dealing*

"'The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." [Citation.]'" (*Advanced Choices, Inc. v. State Dept. of Health Services* (2010) 182 Cal.App.4th 1661, 1672.) Attili bases his promissory estoppel claim on the allegation that IndyMac promised to "offer him a [loan] modification" if he stopped making payments on his loan. The undisputed evidence does not support this allegation.

In his separate statement of undisputed and disputed facts, Attili admitted that "[t]he one or two [IndyMac] representatives [he] spoke with did not tell him that his loan would be modified if he defaulted. They only told him that he would not be considered for a modification unless he defaulted." After Attili defaulted, OneWest did exactly what the representatives said it would do: it considered his request for a loan modification. In the absence of a "clear and unambiguous" promise to modify his loan, Attili's promissory estoppel theory fails as a matter of law. (See, e.g., *Rumbaua v. Wells Fargo Bank, N.A.* (N.D. Cal., Aug. 25, 2011, No. 11-1998SC) 2011 WL 3740828, *5

6

[rejecting promissory estoppel claim where plaintiff failed to "allege that Defendant promised that if she defaulted on her loan, she would necessarily qualify for a modification"]; *Torres v. Litton Loan Servicing LP* (E.D. Cal., Apr. 13, 2011, No. 1:10-cv-01709-OWW-SKO) 2011 WL 1403059, *2 ["Defendants['] purported promise that Plaintiff's application would be 'processed and reviewed' was not an unambiguous promise that the application would be approved, the loan modified, or that foreclosure would not occur"].) By choosing to default, Attili accepted the risk that OneWest would deny his request for a modification. The foreclosure resulted not from OneWest's denial of his request, but from his inability to cure the default after the denial.

Lastly, Attili contends that OneWest breached the implied covenant of good faith and fair dealing by failing to honor its promise to modify his loan and by wrongfully foreclosing under the deed of trust. As discussed above, the undisputed evidence establishes that OneWest never promised Attili a loan modification and that it had authority to initiate foreclosure proceedings. The trial court appropriately granted summary judgment for respondents.

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Aidan W. Butler for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Andrew E. Miller and Rebecca G. Gundzik for Defendants and Respondents.