Filed 12/20/13  Engel v. Mortgage Electronic Registration Systems CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DANIEL E. ENGEL, | B244182 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC095221) |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James A. Kaddo, Judge.  Affirmed.

Daniel E. Engel, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Erik Kemp and Navdeap K. Singh for Defendant and Respondent.

_____

Daniel E. Engel appeals from a judgment entered after the trial court sustained the demurrer of Mortgage Electronic Registration Systems, Inc. (MERS) to Engel's second amended complaint (SAC) for quiet title and declaratory relief. Engel obtained a home loan secured by a deed of trust. Although the deed of trust designated a beneficiary and a nominee of the lender (this was MERS in both cases), it did not designate a trustee. Engel argues that the omission from the deed of trust of a designated trustee will prevent anyone ever from foreclosing on his home loan. He also claims a security interest was not created because of the absence of a designated trustee. By his actions for quiet title and declaratory relief, he seeks assurances that he may in the future default on his loan payments with impunity.

We decline to provide those assurances because an initial failure to designate a trustee can be cured by designating a trustee when and if foreclosure becomes necessary. Similarly, the absence of a designated trustee does not preclude a security interest from vesting. We conclude the court did not err in sustaining MERS's demurrer without leave to amend and affirm the judgment.

## BACKGROUND

Engel owns a home in Los Angeles County (real property). He filed a complaint, seeking to quiet title to the real property. After an unrelated demurrer was sustained, Engel filed a first amended complaint (FAC) to quiet title. MERS demurred. The court sustained MERS's demurrer to the FAC, stating the demurrer "is SUSTAINED with 20 days leave to amend as to the entire [FAC] because the legal theory that [Engel] claims would justify a Judgment for quiet title in his favor is defective." Engel thereafter filed the SAC in April 2012, alleging causes of action for declaratory relief and quiet title.

The SAC alleged as follows. In 2004, Engel obtained a home loan from Amerisave Mortgage Corporation (Amerisave). Engel signed a promissory note for $150,000 secured by a deed of trust against the real property. Subsequently, Engel

2

"received a copy of a document entitled 'deed of trust.'" The deed of trust, which is incorporated into the SAC, identifies Amerisave as "'Lender.'" The deed of trust provides, "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." It also provides, "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." The deed of trust did not designate a trustee, but stated, "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located."

The SAC alleged that Ohio Savings Bank "[took] over from Amerisave," and that Wells Fargo Bank subsequently "'purchased the servicing of [the] Loan from OHIO SAVINGS BANK.'" Engel sent a letter to Wells Fargo stating that "'a trustee was never appointed,'" and that the deed of trust "'did not convey a valid and enforceable security interest'" in the real property. Wells Fargo did not respond to Engel's letter.

The SAC prayed for a judgment "1. That the *Deed of Trust* cannot be used as a basis for initiating non-judicial foreclosure proceedings against the [real property]. [¶] 2. That MERS, who is not the *Lender*, cannot lawfully file, ethically prosecute and ultimately prevail in an action for judicial foreclosure based upon the *Deed of Trust*. [¶] 3. That WELLS FARGO, who is not the *Lender*, cannot lawfully file, ethically prosecute and ultimately prevail in an action for judicial foreclosure based upon the *Deed of Trust*."

MERS filed a motion to strike and a demurrer to the SAC. The trial court sustained MERS's motion to strike: (1) the SAC's caption with respect to Engel's declaratory relief claim; (2) paragraphs of the SAC regarding whether MERS, Wells Fargo, or the "*Lender*" can prevail in an action for judicial foreclosure; and (3) the SAC's

prayer for relief for a judgment that the deed of trust cannot be used to initiate nonjudicial foreclosure against the real property, MERS cannot prevail in an action for judicial foreclosure based on the deed of trust, and Wells Fargo cannot prevail in an action for judicial foreclosure based on the deed of trust.

Noting that Engel's title "is subject to a lien" and Engel "admits that he is still making the payments," the court concluded that the SAC did not allege facts showing that Engel is the "rightful owner of the [real] property" as required in a claim for quiet title. The court also concluded that Engel's "new allegations" were not relevant to the cause of action for quiet title and did not respond to the court's reasons for sustaining the earlier demurrer. Having determined that the deed of trust was not void for lack of a trustee, the court sustained MERS's demurrer to the SAC without leave to amend. Engel appeals from the judgment.

## DISCUSSION

**The trial court did not err in sustaining the demurrer to the SAC without leave to amend**

### A. *Standard of review*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

4

## B. *The quiet title cause of action*

Arguing that the trial court erred in sustaining MERS's demurrer to the SAC without leave to amend, Engel contends that because the deed of trust did not designate a trustee, the power of sale was never conveyed; therefore neither MERS nor anyone else can ever foreclose on Engel's home if he should stop making payments on his loan.

We disagree because the failure of a deed of trust to designate a trustee can be cured when and if foreclosure becomes necessary.

The deed of trust identifies Amerisave as the "Lender" and MERS as "a nominee for Lender" and as a beneficiary. The deed of trust provides that MERS holds legal title to the interests granted by Engel and that MERS has the right to foreclose and sell the real property as the nominee of the lender. It further provides that MERS "has the right to exercise any or all of" the lender's interests as nominee of the lender.

"'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.' [Citation.] 'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.' [Citation.]" (*Gomes v. Countrywide Home Loans, Inc*. (2011) 192 Cal.App.4th 1149, 1151 (*Gomes*).)

*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505 (*Shuster*) is directly on point. Division Six of this district held in that case that the omission of a trustee from a deed of trust securing a loan does not preclude nonjudicial foreclosure of the deed of trust. (*Id*. at p. 507.) If a trustee is not named initially, it may be named when and if foreclosure becomes necessary. (*Id.* at p. 511.)

5

In *Shuster*, the Shusters took out a loan from a mortgage company to purchase real property. The mortgage company recorded a deed of trust against the real property to secure the debt. "The deed of trust did not name a trustee, but designated [MERS] as beneficiary, giving MERS 'the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling [the trust deed].'" (*Shuster*, *supra*, 211 Cal.App.4th at p. 508.) After the Shusters defaulted, MERS substituted ReconTrust Company, N.A. (ReconTrust) as trustee and assigned its beneficial interest in the deed of trust to BAC Home Loans Servicing, LP, which later assigned its interest to respondent Arch Bay Holdings, LLC—Series 2010B (Arch Bay). ReconTrust recorded a notice of trustee's sale. Arch Bay purchased the real property at the foreclosure sale.

The Shusters filed a complaint to quiet title. ReconTrust and Arch Bay demurred. The trial court sustained the demurrers of ReconTrust and Arch Bay to the SAC. Because the issue of whether the omission of a trustee precludes nonjudicial foreclosure was then an issue of first impression in California, the *Shuster* court conducted an extensive analysis of out-of-state holdings. The *Shuster* court agreed with an Arizona decision which explained that "a trustee under a deed of trust holds 'bare legal title— sufficient only to permit him to convey the property at the out of court sale. All other incidents of title remain in the trustor. . . . [Citation.]' [Citation.]" (*Shuster*, *supra*, 211 Cal.App.4th at p. 510.)

Agreeing with the Arizona court, the *Shuster* court noted, "Because the trustor is free to transfer the property and to enjoy all other incidents of ownership, the [Arizona] court determined a deed of trust is essentially a mortgage with the power to convey upon default. [Citation.] The [Arizona] court observed '[a] trustee under a deed of trust has neither the legal powers nor the obligations of a trustee under traditional trust law. Instead he serves as a type of common agent for both parties.' [Citation.] As a result, 'the mere failure to designate trustees does not render the deeds of trust invalid as between the parties to the trust deed instruments.' [Citation.] In other words, the naming

6

of the trustee is irrelevant to the creation of the deed of trust, so long as a trustee is named prior to the foreclosure. [Citations.]" (*Shuster*, *supra*, 211 Cal.App.4th at p. 510.)

This reasoning is in accord with longstanding California authority, which holds that the trustee is merely a common agent, not imbued with the full array of powers of a "strict trustee." (4 Witkin, Summary of Cal. Law (10th ed. 2005) Security Transactions in Real Property, §§ 6–7, pp. 796–799.)

The *Shuster* court affirmed the judgment of the trial court, noting that California authorities hold that "equity will not allow a trust to fail for lack of a trustee" and that in contrast to a grantee, who is conveyed fee simple title for all purposes, "a trustee under a deed of trust 'carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt.' [Citation.]" (*Shuster*, *supra*, 211 Cal.App.4th at p. 511; see 4 Witkin, Summary of Cal. Law, *supra*, § 6, p. 796.)

Here, as in *Shuster*, it has not become necessary to appoint a trustee yet. The SAC does not allege that Engel defaulted on his loan. Indeed, he is still making the payments. Thus, the trustee's duty of reconveying the real property to Engel or commencing foreclosure has not been triggered. If Engel later defaults on his loan or satisfies it in full, a trustee can be appointed at that time to foreclose or reconvey either under the deed of trust (see *Shuster*, *supra*, 211 Cal.App.4th at p. 510) or by statute (Civ. Code, § 2934a, subd. (a)(1) ["The trustee under a trust deed upon real property . . . given to secure an obligation to pay money and conferring no other duties upon the trustee than those which are incidental to the exercise of the power of sale therein conferred, may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed . . . ."]).

In addition, and as stated in *Shuster*, we decline to assist those who "seek shelter in minor ministerial omissions or speculative acts that neither misled nor prejudiced them." (*Shuster*, *supra*, 211 Cal.App.4th at p. 513.)

Engel further contends that neither MERS nor Wells Fargo, both of which he claims are not the holder in due course, will have standing to file an action for judicial

foreclosure in the future because the deed of trust did not name an "'original trustee.'" This argument fails for the reasons discussed above.

In accord with *Shuster*, we conclude that the deed of trust conveyed a security interest even though it did not designate a trustee, that a trustee properly may be named when and if foreclosure becomes necessary, and that the trial court did not err in sustaining MERS's demurrer without leave to amend.

Because plaintiff's legal theory is unsound, he cannot prevail in an action to quiet title. "'In a quiet title action the plaintiff must prove his title in order to recover.' [Citation.]" (*Preciado v. Wilde* (2006) 139 Cal.App.4th 321, 326.) "Merely presenting evidence challenging the defendant's title is insufficient. [Citation.]" (*Ibid.*; Code Civ. Proc., § 761.020.[1])

Here, Engel cannot prove his title is clear of the challenged encumbrance. Engel's title is subject to a lien. Engel has not alleged that he tendered the amount of the encumbrance. It is well settled that an action to quiet title will not lie against a mortgagee when the mortgagor of real property has not paid the amount of the encumbrance to the mortgagee. Thus, the SAC does not allege facts showing that Engel is the "rightful owner of the [real] property." (See *Shimpones v. Stickney* (1934) 219 Cal. 637, 649 ["a

---

[1] Code of Civil Procedure section 761.020 sets forth the elements of a quiet title action as follows:

"The complaint shall be verified and shall include all of the following:

"(a) A description of the property that is the subject of the action. In the case of tangible personal property, the description shall include its usual location. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.

"(b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.

"(c) The adverse claims to the title of the plaintiff against which a determination is sought.

"(d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

"(e) A prayer for the determination of the title of the plaintiff against the adverse claims."

mortgagor cannot quiet his title against the mortgagee without paying the debt secured"]; *Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707 ["a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"].)

The trial court did not abuse its discretion by sustaining the demurrer to the quiet title cause of action without leave to amend.

### C. The declaratory relief cause of action

Engel contends that the trial court erred in sustaining MERS's demurrer to the SAC as to the cause of action for declaratory relief. We disagree for three reasons.

First, the trial court did not grant leave for Engel to add a new cause of action. "The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.) The order sustaining the first amended complaint granted Engel 20 days' leave to amend "because the legal theory that [Engel] claims would justify a Judgment for quiet title in his favor is defective." Engel did not obtain permission to add a new cause of action and the cause of action for declaratory relief does not correct the defects in the quiet title cause of action.

Second, the SAC failed to state a claim for declaratory relief. In order to state a claim for declaratory relief, a complaint must allege: "'an actual controversy involving justiciable questions relating to [the plaintiff's] rights or obligations . . . . [Citation.]' [Citation.] A declaration of rights or duties with respect to property may be a proper subject of declaratory relief. (Code Civ. Proc., § 1060; [citation].) But even assuming that [the plaintiff's] action satisfies the first requirement, it must still present an 'actual controversy.' (Code Civ. Proc., § 1060.) 'The "actual controversy" language in Code of Civil Procedure section 1060 encompasses a *probable* future controversy relating to the legal rights and duties of the parties. [Citation.]' [Citation.] It does not embrace controversies that are 'conjectural, anticipated to occur in the future, or an attempt to obtain an advisory opinion from the court.' [Citation.] Thus, while a party may seek declaratory judgment before an actual invasion of rights has occurred, it must still

9

demonstrate that the controversy is justiciable.  [Citation.]"  (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1582.)

Here, Engel's request for a declaration is conjectural.  Although Engel would like to know what might happen if he chooses to stop making payments, he does not allege he is in default or will probably stop making payments.  A "probable future controversy" is not alleged.

Third, Engel cannot succeed in obtaining a declaration in his favor because failure to designate a trustee at the outset does not make the instrument unenforceable.  "'A general demurrer may be sustained without leave to amend where it is probable from the nature of the defects and previous unsuccessful attempts to plead that the plaintiff cannot state a cause of action.'  (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 992, p. 403.)"  (*Oddone v. Superior Court* (2009) 179 Cal.App.4th 813, 823.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.