Filed 2/22/21  Park v. Wells Fargo Bank CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| SEAN PARK et al., | B304469 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC121710) |
| v. | |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Stephen F. Lopez for Plaintiffs and Appellants.

Sheppard, Mullin, Richter & Hampton, Mark G. Rackers, and Karin Dougan Vogel for Defendants and Respondents.

———————————————

# INTRODUCTION

In this wrongful foreclosure action by Sean and Michelle Park against Wells Fargo Bank, N.A. and others, the Parks appeal from the judgment of dismissal entered after the trial court—on remand following the Parks' previous, semi-successful appeal—sustained Wells Fargo's demurrer to the Parks' second amended complaint without leave to amend. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## A. *Wells Fargo Initiates Foreclosure Proceedings on the Parks' Property*

In October 2007 the Parks refinanced the property at issue in this case with a $887,520 loan from World Savings Bank, evidenced by a promissory note secured by a deed of trust encumbering the property. The deed of trust identified World Savings Bank and "its successors and/or assignees" as the lender and beneficiary and Golden West Savings Association Service Co. (Golden West) as trustee. Under the deed of trust, the Parks conveyed the property to the trustee, in trust for the lender, with a power of sale in the event of default and agreed the lender could appoint a successor trustee. According to the operative complaint, "[a]s of December 31, 2007" World Savings Bank "became known as Wachovia Mortgage, FSB," and on December 31, 2008 that entity "merged with" Wells Fargo.

In 2010 Wells Fargo, through its attorney-in-fact Cal-Western Reconveyance Corporation, executed a substitution of trustee with an "[e]ffective [d]ate" of July 22, 2010, which purported to substitute Cal-Western for Golden West as trustee

under the Parks' deed of trust.  On July 23, 2010 Cal-Western issued a notice of default stating the Parks owed payments since July 2009 and attaching a declaration from Wells Fargo authorizing the notice of default.  In October 2010 and again in April 2012 Cal-Western issued a notice of trustee's sale that was, in both instances, postponed.  In November 2013 Cal-Western issued a third notice of trustee's sale.

> B.  *The Parks File This Action, and the Trial Court Sustains a Demurrer by Wells Fargo and Others Without Leave To Amend*

In November 2013, following the third notice of trustee's sale, the Parks filed this action against, among others, Wells Fargo, Golden West, and Bank of New York Mellon (BNYM) as trustee of World Savings Mortgage Pass-Through Certificates Series 31 Trust (Trust), an entity the Parks alleged was involved at some point in "an [unsuccessful] attempt to securitize their loan."  The Parks asserted causes of action for, among other things, wrongful initiation of foreclosure, breach of contract, and fraud.  They also filed an ex parte application for a temporary restraining order to stay the foreclosure sale, which the trial court granted, setting a hearing on the Parks' request for a preliminary injunction.  On numerous grounds the defendants demurred to all causes of action and opposed the request for a preliminary injunction.

In February 2014 the trial court denied the Parks' request for a preliminary injunction and dissolved the temporary restraining order.  The court ruled a money judgment would give the Parks adequate relief in the event the foreclosure was wrongful because "[t]he documents submitted to the Court

3

indicate that the 4 unit rental property is an investment for the Plaintiffs." In March 2014, rather than oppose the demurrer still pending, the Parks filed a first amended complaint, adding a cause of action for quiet title. A week later, at the foreclosure sale, Wells Fargo purchased the property from the trustee, Cal-Western.

In April 2014 Wells Fargo, Golden West, and BNYM demurred to the first amended complaint, after which the Parks filed an ex parte application for permission to file a second amended complaint. The trial court denied the Parks' application and, in January 2015, sustained the demurrer by Wells Fargo, Golden West, and BNYM to the first amended complaint without leave to amend. The Parks appealed.

C. *On Appeal the Parks Obtain Another Chance To Seek Leave To Amend Their Causes of Action Against Wells Fargo*

In the Parks' first appeal, we affirmed the trial court's order sustaining the demurrer to the first amended complaint without leave to amend regarding Golden West and BNYM. (*Park et al. v. Wells Fargo Bank, N.A. et al.* (Sept. 13, 2017, B264026) [nonpub. opn.] (*Park I*).) We also agreed with the trial court that, based on the allegations of the first amended complaint, the Parks lacked standing to assert their wrongful foreclosure and related causes of action against Wells Fargo.

In their first amended complaint the Parks had alleged that, at some point, one of the entities that owned their loan attempted to securitize it by assigning it to BNYM as trustee of the Trust and that Wells Fargo, in initiating foreclosure, was "acting as purported agent for BNYM." The Parks alleged the

4

attempt to assign their loan to BNYM failed, however, because the loan was not conveyed to the Trust prior to the closing date prescribed by the Trust's pooling and service agreement. As a result, the Parks alleged, Wells Fargo had no authority to foreclose.

Addressing these allegations, we observed that in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*) the Supreme Court held "'a wrongful foreclosure plaintiff has standing to claim the foreclosing entity's purported authority to order a trustee's sale was based on a void assignment of the note and deed of trust,'" but lacks standing to challenge an assignment that was merely "'voidable.'" (*Park I, supra*, B264026, quoting *Yvanova*, at pp. 939-940 and citing *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 815 ["*Yvanova* recognizes borrower standing only where the defect in the assignment renders the assignment *void*, rather than *voidable*"].) Following several then-recent decisions by other courts, we held that, under New York law (which the Parks alleged applied), such "a post-closing assignment, even in contravention of a trust's [pooling and service agreement], is not void, but merely voidable" at the election of the parties to the assignment. Therefore, we concluded that the Parks lacked standing to challenge the assignment of their loan to BNYM on the ground alleged and that therefore they lacked standing to assert their causes of action against Wells Fargo.

On appeal, however, the Parks stated they could allege new facts to support causes of action against Wells Fargo for wrongful foreclosure, cancellation, and quiet title. As we summarized it: "The Parks argue they can allege that, rather than failing to properly assign their loan into the Trust, Wachovia or World

5

Savings in fact *successfully* assigned the loan, but did so *prior* to the merger with Wells Fargo, which the Parks allege was 'completed' on or about December 31, 2008.  Thus, the theory goes, the Trust, as the current beneficiary, not Wells Fargo, had authority to substitute a new trustee and initiate foreclosure.  Accordingly, in July 2010 Wells Fargo did not have authority to substitute Cal-Western as trustee because World Savings or Wachovia had already assigned away that right.  The Parks contend the original trustee named in their deed of trust, Golden West, remains the 'true' trustee, and in March 2014 Wells Fargo lacked authority to foreclose through Cal-Western." (*Park I, supra*, B264026.)

We concluded the Parks had shown a reasonable possibility they could amend to state causes of action against Wells Fargo based on an unauthorized foreclosure sale.  We therefore reversed the judgment in favor of Wells Fargo and directed the trial court to allow the Parks to file a motion for leave to amend to assert causes of action against Wells Fargo for wrongful foreclosure, cancellation, and quiet title based on the Parks' proposed new allegations.  (*Park I, supra*, B264026.)

D.    *The Trial Court Sustains Another Demurrer by Wells Fargo Without Leave To Amend, and the Parks Appeal Again*

After the trial court granted the Parks' motion for leave to amend, the Parks filed a second amended complaint asserting causes of action against Wells Fargo for wrongful foreclosure, cancellation, and quiet title based on allegations the foreclosure sale was unauthorized.  The Parks alleged Wells Fargo, which initiated and held the foreclosure sale through Cal-Western,

lacked authority to do so because "only the beneficiary of a deed of trust may hold a foreclosure sale" and Wells Fargo was not the beneficiary of the deed of trust securing their loan, but merely the servicer of their loan. The Parks alleged that, after originating their loan, World Savings Bank (before it became known as Wachovia and later merged with Wells Fargo) sold the loan to World Savings Real Estate Mortgage Investment Conduit 2007 Trust Series 31, "which became the holder of the promissory note and beneficiary of [the Parks'] deed of trust." The Parks alleged BNYM was and is the trustee of that investment trust. Thus, according to the Parks, at all relevant times BNYM, not Wells Fargo, was the beneficiary of the deed of trust with authority to foreclose.

Wells Fargo demurred to the second amended complaint, arguing the Parks still had not stated facts sufficient to constitute a cause of action against it. The trial court agreed and sustained the demurrer without leave to amend. The Parks timely appealed from the ensuing judgment of dismissal.

**DISCUSSION**

A.    *Standard of Review*

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. [Citation.] Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment.' [Citations.] When evaluating the complaint, 'we assume the truth of the allegations.' [Citations.] 'A judgment of dismissal after a demurrer has been sustained without leave to

7

amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground.'" (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 992.) "A trial court abuses its discretion by sustaining a demurrer without leave to amend where '"there is a reasonable possibility that the defect can be cured by amendment."' [Citations.] '"The plaintiff has the burden of proving that [an] amendment would cure the legal defect, and may [even] meet this burden [for the first time] on appeal."'" (*Ibid.*)

B. *The Trial Court Did Not Err in Sustaining the Demurrer Without Leave To Amend*

The Parks contend they stated facts sufficient to constitute a cause of action against Wells Fargo for wrongful foreclosure "because the [foreclosure] sale held by [Wells Fargo] and Cal-Western was void because as of the date of the sale [Wells Fargo] was not the beneficiary of the deed of trust." They further contend that, "[a]s a result of the void sale, [the Parks] also state a cause of action for quiet title, which was later transferred by [Wells Fargo] as the purchaser at the sale to [another entity] and for cancellation of the do[cuments] that gave rise to the sale." In other words, all three of the Parks' causes of action rest on their assertion Wells Fargo lacked authority to initiate and conduct the foreclosure because it was not the beneficiary under the deed of trust. To support that assertion, the Parks cite *Yvanova, supra,* 62 Cal.4th 919, which they argue "made . . . clear that only a non-judicial foreclosure sale by the beneficiary of the deed of trust is valid and a sale by someone other than the beneficiary is void."

As Wells Fargo points out, however, the Parks misread *Yvanova.* What the Supreme Court said there was this: "A

8

foreclosure initiated by one with no authority to do so is wrongful for purposes of [a wrongful foreclosure] action. [Citations.] . . . [O]nly the original beneficiary, its assignee *or an agent of one of these* has the authority to instruct the trustee to initiate and complete a nonjudicial foreclosure sale." (*Yvanova*, *supra*, 62 Cal.4th at p. 929, italics added.) Indeed, contrary to the Parks' central legal premise, "California's statutory nonjudicial foreclosure scheme [citations] does not require that the foreclosing party have a beneficial interest in or physical possession of the note. [Citations.] [Civil Code section 2924, subdivision (a)(1),] specifically permits the 'trustee, mortgagee, or beneficiary, or any of their authorized agents' to institute foreclosure . . . ." (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 511; accord, *Orcilla v. Big Sur, Inc.* (2016) 244 Cal.App.4th 982, 1004; see Civ. Code, §§ 2924, subd. (a)(1), 2304 [agent has authority to do any act the principal may do].)

Thus, even assuming Wells Fargo was not the beneficiary of the Parks' deed of trust at the time of foreclosure, as the Parks allege (and Wells Fargo vehemently disputes), the Parks have not alleged facts sufficient to establish Wells Fargo had no authority to initiate and conduct foreclosure. In fact, the Parks alleged in their second amended complaint that, when World Savings Bank sold the Parks' loan to the investment trust for which BNYM acted as trustee, World Savings Bank "retained only the servicing rights" and that, at the time of foreclosure, Wells Fargo was "the servicer for the true owner," BNYM. In their opening brief, the Parks continue to concede Wells Fargo was the rightful servicer of their loan. But the servicer of a loan may act as "the beneficiary's agent" with statutory authority "to proceed with

9

foreclosure on the beneficiary's behalf . . . ." (*Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 46; see Civ. Code, §§ 2924, subd. (a)(1), 2304.) As the court in *Kalnoki* stated, "even assuming for sake of argument that Wells Fargo was not the beneficiary at the time it initiated the foreclosure proceedings as the [plaintiffs] allege, they nonetheless concede Wells Fargo was the loan servicer. As the loan servicer— the beneficiary's agent—Wells Fargo was empowered to proceed with foreclosure on the beneficiary's behalf . . . ." (*Kalnoki*, at p. 46.)

Moreover, in their first amended complaint the Parks alleged that Wells Fargo, in initiating foreclosure, was "acting as purported agent for BNYM." And although they omitted this allegation from the second amended complaint, the Parks have neither disavowed it nor explained the omission. (See *Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 597, fn. 2 ["under the sham pleadings doctrine, a plaintiff cannot avoid the original complaint's harmful allegations by merely filing an amended complaint omitting or changing them"].)

The Parks have not shown, or even argued, they can amend to cure this legal defect in the second amended complaint. In fact, not having filed a reply brief, they do not address the issue at all. Therefore, they have failed to demonstrate the trial court abused its discretion in sustaining Wells Fargo's demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed.  Wells Fargo is to recover its costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

11