**NOT FOR PUBLICATION**



# FILED

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORA YEBOAH, | No. 19-56344 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10242-CJC-MRW |
| v. | |
| WILMINGTON TRUST, N.A., as Successor Trustee of Lehman XS Trust Mortgage Pass Through Certificate Series, 2005 3; NATIONSTAR MORTGAGE SERVICE, LLC, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ALL PERSONS, Known and Unknown Who Claim an Interest in the Property; DOES, 1-10, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 15, 2021[]
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Plaintiff Dorah Yeboah appeals a district court order dismissing her claims for (1) wrongful foreclosure; (2) quiet title; (3) violation of California's Unfair Competition Law ("UCL"); and (4) violation of the Fair Debt Collection Practices Act ("FDCPA") for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it here. We review a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The district court properly dismissed Yeboah's wrongful foreclosure claim because she failed to properly allege "an illegal, fraudulent, or willfully oppressive sale." *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Cal. Ct. App. 2011). Defendant Wilmington Trust, NA ("Wilmington") had authority to foreclose on Yeboah's property under California law because it held a beneficial interest in the deed of trust, whether or not it also held an interest in the underlying promissory

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

note.  *Shuster v. BAC Home Loans Servicing, LP*, 149 Cal. Rptr. 3d 749, 754 (Cal. Ct. App. 2012).

Likewise, Yeboah failed to state a claim to quiet title because she did not properly allege she was the rightful owner of the property at issue.  *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). The district court  also properly dismissed Yeboah's UCL claim, which was premised on Yeboah's wrongful foreclosure theory.  *See Krantz v. BT Visual Images, L.L.C.*, 107 Cal. Rptr. 2d 209, 219 (Cal. Ct. App. 2001).

The district court properly dismissed Yeboah's claim for violation of the FDCPA's debt collection provisions because defendants Wilmington and Nationstar Mortgage, LLC ("Nationstar") fall outside the FDCPA's definition of "debt collectors."  *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019).  We decline to consider Yeboah's argument, raised for the first time on appeal, that Wilmington and Nationstar violated 15 U.S.C. § 1692f(6), which regulates  nonjudicial foreclosures.  *See El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000).

**AFFIRMED.**