Filed 8/25/16  Piana v. Select Portfolio Servicing CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| AMY PIANA et al., | |
| Plaintiffs and Appellants, | G051669 |
| v. | (Super. Ct. No. 30-2013-00675572) |
| SELECT PORTFOLIO SERVICING, INC. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Rodriguez Law Group, Patricia Rodriguez and George M. Hill for Plaintiffs and Appellants.

McGlinchey Stafford, Sanford P. Shatz and Brian A. Paino for Defendants and Respondents.

\*          \*          \*

Plaintiffs Amy Piana and Sergio Piana (plaintiffs) appeal from a judgment entered after the court sustained without leave to amend the demurrer to the second amended complaint (SAC) by defendants Select Portfolio Servicing, Inc.; Mortgage Electronic Registration Systems, Inc. (MERS); JPMorgan Chase Bank, N.A.; California Reconveyance Company (CRC); and Wilmington Trust, N.A., Successor Trustee to Citibank, N.A. (Citibank), as Trustee F/B/O Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-4, Mortgage Pass-Through Certificates, Series 2006-4 (Securitized Trust; collectively defendants).

Plaintiffs argue they pleaded sufficient facts to support claims for wrongful foreclosure, violation of Civil Code section 2924, subdivision (a)(6) (all further statutory references are to this code unless otherwise stated), and unfair competition (Bus. & Prof. Code, § 17200 et seq.; UCL). They contend that in sustaining the demurrer the court improperly relied on the truth of documents included in defendants' request for judicial notice. They further claim the court failed to give them leave to amend in violation of the policy of trying cases on the merits.

There was no error and we affirm.

## FACTS AND PROCEDURAL HISTORY

The SAC is poorly pleaded and difficult to understand.[1] As best we can piece together, and interpreting the SAC extremely broadly, in May 2006 plaintiffs borrowed $1,121,300 from Pacific Community Mortgage Company, a defendant but not a party to this appeal. The adjustable rate loan (Loan), was memorialized by a promissory

---

[1] Plaintiffs' opening brief is defective as well. It fails to "[p]rovide a summary of the significant facts" supported by citation to the record, including only scanty facts as to the underlying transaction. (Cal. Rules of Court, rule 8.204(a)(2)(C), (a)(1)(C).) This could have forfeited their claims on appeal. (*Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 166-167; see *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738 ["'It is neither practical nor appropriate for us to comb the record on [a party's] behalf'"].)

2

note (Note) secured by real property (Property), and evidenced by a deed of trust (Deed of Trust). The trustee was Commerce Title. Defendant MERS was the original beneficiary and nominee. By a written assignment, on August 17, 2011 MERS assigned the Deed of Trust to defendant Securitized Trust, a trust formed under New York law.

Immediately thereafter, on August 17, Citibank, as trustee of the Securitized Trust, recorded a substitution of trustee substituting CRC in place of the original trustee, Commerce Title. On that same date, CRC recorded a notice of default. Although two notices of sale were recorded on December 8, 2011 and January 14, 2013, no foreclosure sale had occurred as of the date the SAC was filed.

The SAC asserted causes of action for declaratory relief, wrongful foreclosure, fraud, violation of section 2924, subdivision (a)(6) and section 2934a, breach of the implied covenant of good faith and fair dealing, violation of the finance lender law, and unfair competition. Defendants' demurrer to all causes of action was sustained without leave to amend. Plaintiffs appealed from the judgment. Their briefs address only three of the seven causes of action: wrongful foreclosure, violation of section 2924, subdivision (a)(6), and unfair competition.[2] We will address each in turn.

We set out the relevant allegations of the causes of action in the discussion particular to them.

## DISCUSSION

*1. Introduction*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) But we do not assume the truth of speculative allegations

---

[2] If plaintiffs intended to appeal from judgment on any of the other causes of action, they have forfeited the claims for failure to discuss them in their briefs. (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538.)

3

(*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 318, disapproved in part by *Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 334, fn. 15) or "contentions, deductions or conclusions of law" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967). "[W]e give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081.) If the demurrer can be sustained on any ground raised, we must affirm. (*Ibid*.) When the court sustains a demurrer without leave to amend and plaintiffs seek leave to amend, they must demonstrate how the complaint could be amended to state a valid cause of action. (*Ibid*.)

*2. Wrongful Foreclosure*

This cause of action is based on an alleged void transfer of the Loan to the Securitized Trust. Again, reading the SAC very liberally, plaintiffs allege the Note was not timely transferred to the Securitized Trust by the closing date, as required by the Pooling and Service Agreement (PSA). In addition, the Deed of Trust was never legally assigned.

Plaintiffs plead the PSA requires that for the trustee to have a valid security interest, it must have physical possession of the Note, which it does not. Because the Note and Deed of Trust are not held by the same party, the Note cannot be enforced. Thus, plaintiffs allege, defendants cannot foreclose. Plaintiffs claim that, as a result, they own the Property free and clear of any security interest.

The SAC also alleges defendants' improper attempt to securitize the Securitized Trust has caused plaintiffs to lose all or most of the equity they would have earned had they made payments on the Note.

In essence plaintiffs challenge defendants' right to foreclose based on the alleged untimely transfer of the Note to the Securitized Trust and the failure to transfer

4

the Deed of Trust at all.[3]  The court ruled plaintiffs had no right to use a "preemptive judicial action[]" to challenge the authority of the defendants to foreclose.  We agree.

An actual fraudulent or unlawful sale generally is a required element of a wrongful foreclosure claim.  (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112.) Here, the SAC shows there has been no sale.

Without a sale, a plaintiff has no standing to file an action to challenge the right to initiate a foreclosure action because "such preemptive suits . . . 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'  [Citations.]" (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814.)  This scheme is based on the "'comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust'" that covers "'every aspect of exercise of the power of sale contained in a deed of trust.'  [Citation.]" (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154.)

"[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action.  [Citation.] . . . The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1155.)

---

[3]  Via an assignment of deed of trust attached as an exhibit to the SAC, plaintiffs plead the Deed of Trust was assigned, albeit after the alleged closing date, to the Securitized Trust in August 2011.  "[T]o the extent the factual allegations conflict with the contents of the exhibits . . . , we rely on and accept as true the contents of the exhibits." (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505.)

After briefing on this case was completed our Supreme Court decided *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*). It does not assist with the issue before us. *Yvanova* considered a similar claim that the assignment of a deed of trust to an investment trust was void because it was not transferred before the closing date of the trust.

The court held that where an alleged defective transfer renders an assignment void, a borrower has standing to sue for wrongful foreclosure. (*Yvanova*, *supra*, 62 Cal.4th at pp. 942-943.) But *Yvanova* expressly restricts its holding to cases where a foreclosure sale has occurred, not the case here. (*Id.* at pp. 924, 934-935.)

Further *Yvanova* specifically refrained from ruling whether, under New York law, a late transfer of a deed of trust to an investment trust is void or voidable. (*Yvanova*, *supra*, 62 Cal.4th at pp. 940-941.)

The void or voidable issue was addressed in *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079. The borrowers there alleged a defective assignment of the loan to a securitized trust, in part due to a transfer after the closing date, barring foreclosure. The trial court sustained a demurrer to the wrongful foreclosure action. However the appellate court ruled the action could proceed, finding the late transfer was void under New York law. (*Id.* at p. 1097.)

But the New York case on which *Glaski* based its decision has since been overturned. (*Wells Fargo Bank, N.A. v. Erobobo* (N.Y.App.Div. 2015) 127 A.D.3d 1176, 1178, [9 N.Y.S.3d 312].) And *Glaski*'s interpretation of New York law has been soundly rejected. (*Rajamin v. Deutsche Bank Nat. Trust Co.* (2d Cir. 2014) 757 F.3d 79, 88,89 ["the weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law"; "unauthorized act by the trustees is not void but merely voidable by the beneficiary"].)

Relying on those cases, *Saterbak* also declined to follow *Glaski* and held an assignment after the closing date is not void but only voidable. (*Saterbak v.JP Morgan Chase Bank, N.A.*, *supra*, 245 Cal.App.4th at p. 815, fn. 5.) We concur with this reasoning.

We also reject plaintiffs' contention defendants are required to hold physical possession of the Note. Nothing in the statutory foreclosure scheme mandates possession. (*Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440.) Further, because a foreclosure can be initiated by "'a trustee, mortgagee, beneficiary, or any of their agents[,] . . . the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.'" (*Id*. at p. 441.)

In sum, plaintiffs have not shown any factual or legal basis to support their wrongful foreclosure cause of action and the court properly sustained the demurrer.

*3. Violation of Section 2924, Subdivision* (*a*)(*6*)

Plaintiffs argue defendants violated section 2924, subdivision (a)(6), which prohibits recording a notice of default or initiating foreclosure by anyone other than the holder of the beneficial interest under a trust deed, the original or substituted trustee, or the designated agent of the holder of the beneficial interest. The section further provides that none of those authorized to initiate foreclosure may do so "except when acting within the scope of authority designated by the holder of the beneficial interest." (*Ibid*.)

Plaintiffs maintain none of the defendants are the original beneficiaries nor was there any "legitimate" transfer of a beneficial interest to them. Thus, they claim, no defendant is authorized to initiate foreclosure.

We need not consider this argument on the merits. Section 2924 is part of the California Homeowners Bill of Rights that went into effect in January 2013, a year and a half after the notice of default was filed. Those statutes are not retroactive. Thus, section 2924, subdivision (a)(6) does not govern this transaction and plaintiffs cannot

7

state a cause of action on that basis. (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86, fn. 14.)

*4. Unfair Competition*

In the SAC, plaintiffs set out a laundry list of alleged deceptive practices on defendants' part, including improperly instituting foreclosure proceedings in an attempt to collect a void or unenforceable debt; failing to offer an alternative to foreclosure, default resolution, or a loan modification; "[a]cting as beneficiaries and trustee without the legal authority to do so;" and "[e]xecuting and recording false and misleading documents." According to the SAC defendants cannot establish a proper chain of title or security interest in the Property. Allegedly these acts violated several statutes, thus constituting unfair business practices under the UCL. These acts proximately caused economic damages to plaintiffs, "to be proven at trial." Plaintiffs allege they suffered damage to their credit rating, emotional distress, potential loss of the Property and its equity, and "economic damages." Plaintiffs also seek an injunction to restrain sale of the Property.

The court correctly ruled plaintiffs had no standing to bring a UCL action because they did not and could not show they suffered economic injury resulting from unfair competition. Defendants' alleged wrongful conduct occurred after plaintiffs defaulted.

For a private plaintiff to have standing to bring a UCL claim, he must allege an injury in fact and damages, i.e., lost money or property resulting from defendants' wrongful conduct. (Bus. & Prof. Code, § 17204.) To plead standing, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.)

8

Plaintiffs have no standing because they have not alleged either an injury in fact or actual damages. Their conclusory, general allegation they were injured is not sufficient to support a UCL cause of action. (*Bower v. AT&T Mobility, LLC* (2011) 196 Cal.App.4th 1545, 1554 [damages must be """"concrete and particularized"""" and """""actual or imminent, not "conjectural" or "hypothetical"""""]; *Hutchins v. Bank of America, N.A.* (N.D.Cal., Oct. 28, 2013, No. 13-cv-03242-JCS) 2013 WL 5800606, p. *13 [in wrongful foreclosure action, complaint dismissed because the plaintiff failed to plead he suffered economic injury caused by the defendant's alleged wrongful conduct]; *Ellis v. Bank of America, N.A.* (C.D.Cal., Oct. 28, 2013, No. CV 13-5257-CAS-(AGRx)) 2013 WL 5935412, p. *4 [insufficient allegation of damages where no foreclosure sale].)

Further, the only available remedies in a UCL action are equitable. (*Zhang v. Superior Court* (2013) 57 Cal.4th 364, 371.) "'Restitution under [Business and Professions Code] section 17203 is confined to restoration of any interest in "money or property, real or personal, which may have been *acquired* by means of such unfair competition." . . . A restitution order against a defendant thus requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant on the other.' [Citation.]" (*Ibid*.)

Plaintiffs have not pleaded any facts showing they are entitled to restitution. There are no allegations in the SAC that plaintiffs have lost any money or property that defendants then acquired. Further, as discussed above, the nonjudicial foreclosure statutes prohibit enjoining a sale. The demurrer was properly sustained.

5. *Judicial Notice*

Plaintiffs challenge the court's grant of defendants' request for judicial notice. They argue the order sustaining the demurrer without leave to amend must have been as a result of the court's improper acceptance of the contents of the notice of default, Deed of Trust and "other foreclosure documents" as true. They assert those

9

documents were void and their contents not "verif[ied] or validate[d]" just because they were recorded. This argument misses the mark for several reasons.

Plaintiffs failed to object to the request for judicial notice in the trial court. This forfeits their argument on appeal. (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512, fn. 4.)

Even on the merits the claim fails. The Deed of Trust and assignment of deed of trust were attached as exhibits to the SAC and are not part of the request for judicial notice.

Furthermore, the record does not substantiate plaintiffs' claim the court relied on the truth of the contents of those documents to substantiate defendants' right to foreclose. Even if it had, we are not relying on any improper information gleaned from those documents to render our opinion.

*6. Leave to Amend*

To be granted leave to amend, plaintiffs must show how they could allege a valid cause of action. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.) "'To satisfy that burden on appeal, a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] . . . The plaintiff must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action.'" (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)

Plaintiffs have made no such showing. Given that they have had three opportunities to plead these causes of action, there is no basis to allow further leave to amend them.

## DISPOSITION

The judgment is affirmed. Defendants are entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.