Filed 6/13/24  Butler v. Nationstar Mortgage CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NADINE M. BUTLER, Plaintiff and Appellant, v. NATIONSTAR MORTGAGE LLC et al., Defendants and Respondents. | D081821 (Super. Ct. No. 37-2018-00045424-CU-OR-CTL) |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, etc., Plaintiff, v. NADINE M. BUTLER et al., Defendants. | (San Diego County Super. Ct. No. 37-2018-00062247-CU-OR-CTL) |

[Caption continues on next page]

| | |
|---|---|
| NADINE M. BUTLER, | (San Diego County Super. Ct. No. 37-2018-00045424-CU-OR-CTL) |
| Petitioner, | |
| v. | |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, etc., | |
| Real Party in Interest. | |

APPEAL from a judgment of the Superior Court of San Diego County, James A. Mangione, Judge.  Affirmed in part.  Appeal treated in part as petition for writ of mandate; petition denied.

Nadine M. Butler, in pro. per., for Plaintiff, Appellant, and Petitioner.

Troutman Pepper Hamilton Sanders LLP and Jared D. Bissell for Defendants, Respondents, and Real Party in Interest.

Nadine M. Butler challenges the judgment on the pleadings against her on wrongful foreclosure and related claims against Nationstar Mortgage LLC (Nationstar) and U.S. Bank National Association, as Trustee for HarborView Mortgage Loan Trust 2005-10, Mortgage Loan Pass-Through Certificates, Series 2005-10 (U.S. Bank).  She contends the trial court should have denied Nationstar and U.S. Banks's motion for judgment on the pleadings because it was procedurally improper and each claim alleged in the operative complaint stated facts sufficient to constitute a cause of action.  Because an unlawful

detainer action that had been consolidated with the wrongful foreclosure action remains pending between Butler and U.S. Bank, the judgment is not appealable as to U.S. Bank.  To expedite resolution of the litigation, we exercise our discretion to treat the purported appeal as to U.S. Bank as a petition for writ of mandate.  We reject Butler's claims of error, affirm the judgment as to Nationstar, and deny writ relief as to U.S. Bank.

I.

BACKGROUND

A.    *Mortgage Loan, Default, and Foreclosure Sale*[1]

In May 2005, Butler executed a promissory note for $612,000 in favor of SCME Mortgage Bankers, Inc. (SCME), and agreed to repay that amount plus interest in regular periodic payments within 30 years.  As security for repayment of the loan, Butler executed a deed of trust for a condominium in San Diego, which was recorded with the county recorder.  The deed of trust identified Butler as the borrower; SCME as the lender; Stewart Title Company of San Diego (Stewart) as the trustee; and Mortgage Electronic Registration Systems, Inc. (MERS), acting solely as a nominee for lender and its successors and assigns, as the beneficiary.  The deed of trust stated the promissory note could be sold and the trustee substituted.  It also stated that upon default by the borrower, the lender, after notice to the borrower and

---

[1]    Butler's opening brief does not contain the required "summary of the significant facts."  (Cal. Rules of Court, rule 8.204(a)(2)(C).)  Under the mislabeled headings of "Summary of Significant Facts Within the Record" and "Summary of Additional Significant Facts Within the Record," Butler made various arguments.  We summarize the facts pertinent to the issues on appeal from her pleadings, attached exhibits, and record documents subject to judicial notice.  (See, e.g., *Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1401–1402.)  We grant Butler's two unopposed motions to augment the record with documents filed in the superior court.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

time to cure, could require immediate payment of the outstanding balance of the loan and cause the trustee, after notice, to sell the property to the highest bidder at a public auction.

By a series of assignments recorded between 2009 and 2015, the beneficial interest in the deed of trust passed to several entities, including Nationstar, and ultimately ended up with U.S. Bank. By a series of substitutions of trustee recorded between 2009 and 2017, the trustee was changed from Stewart to Aztec Foreclosure Corporation (Aztec).

Butler made monthly payments on the loan until she defaulted in late 2016. On January 31, 2017, Aztec recorded a notice of default and election to sell under deed of trust. The notice stated the amount of default was $16,575.75 as of January 27, 2017.

Butler filed a petition for relief in a bankruptcy court in April 2017. The court granted relief from the automatic stay in January 2018, so that U.S. Bank could proceed with a foreclosure sale.

In February 2018, Aztec recorded a notice of trustee's sale. The sale occurred in August of that year, when U.S. Bank made the highest bid. A trustee's deed upon sale in favor of U.S. Bank was recorded in September 2018.

B.    *Litigation*

Four days after recordation of the trustee's deed upon sale, Butler sued U.S. Bank, Nationstar, and others in the superior court. She sought to cancel the deed, quiet title, and recover damages for breach of contract, negligence, and statutory violations in connection with the foreclosure sale.

In December 2018, U.S. Bank sued Butler for unlawful detainer. It sought possession of the property and holdover damages.

On Butler's motion, the superior court consolidated the two actions.

4

Butler twice amended her complaint.  The second amended complaint is 62 pages long; contains many irrelevant, inconsistent, repetitive, and argumentative assertions; and is difficult to follow.  As best we can tell, the pleading is based on theories that:  (1) by signing the promissory note, Butler incurred no debt and instead created the equivalent of cash, which she exchanged for the condominium; (2) the defendants never loaned her any money and misrepresented that she owed them a debt by using deceptive legal expressions in various documents; (3) Aztec negligently hired, supervised, and retained an employee (Elaine Malone) who conspired with other defendants fraudulently to transfer the condominium by signing the trustee's deed upon sale; (4) the condominium was wrongfully sold at the foreclosure sale because only a lien was advertised for sale and there was no compliance with statutory notice requirements governing nonjudicial foreclosure sales; (5) the trustee's deed upon sale, assignments, and related documents in the chain of title contained or were obtained by intentional misrepresentations, or were executed by persons without authority to execute them, and thus were void and subject to cancellation; and (6) defendants substantially interfered with both Butler's ownership of the condominium by selling it at the foreclosure sale without her consent and her ownership of the promissory note by intentionally and secretly taking possession of the note without paying her for it and refusing to return it to her.

Butler asserted counts for breach of contract, intentional misrepresentation (two counts), negligence, wrongful foreclosure, cancellation of instruments, quiet title, and conversion (two counts).  She prayed for the following relief:  (1) compensatory and punitive damages on the counts for breach of contract, intentional misrepresentation, wrongful foreclosure, cancellation of instruments, and conversion; (2) a decree that there was a sale

5

of a lien but not of the condominium on the count for wrongful foreclosure; (3) a decree voiding the trustee's deed upon sale and the assignments and other documents in the chain of title on the count for cancellation of instruments; (4) a judgment declaring Butler to be the sole owner of the condominium with exclusive right to possession on the count for quiet title; (5) a permanent injunction prohibiting defendants from claiming any interest in the condominium on the counts for cancellation of instruments and quiet title; and (6) orders directing defendants to record a quitclaim deed to the condominium and deliver the deed and the promissory note to Butler on the conversion counts. She also sought interest, attorney fees, and a judgment dismissing the unlawful detainer action. Butler attached as exhibits to the second amended complaint copies of the deed of trust, assignments of the deed of trust, substitutions of trustee, notice of default and election to sell under deed of trust, notice of trustee's sale, trustee's deed upon sale, and other documents.

Nationstar and U.S. Bank answered the second amended complaint and later filed a motion for judgment on the pleadings. They argued none of Butler's claims stated facts sufficient to constitute a cause of action and the second amended complaint should be dismissed with prejudice because the defects could not be cured. Specifically, Nationstar and U.S. Bank contended Butler's failure to tender the full amount due on the loan and lack of standing to challenge the assignments of the deed of trust barred her claims for breach of contract, wrongful foreclosure, cancellation of instruments, and quiet title; the fraud and related negligence counts failed for lack of specificity and were time-barred; and the conversion counts failed because the condominium, as real property, could not be converted, and Butler had no ownership interest in the promissory note. In support of the motion, they requested judicial

notice of several documents, including copies of assignments of the deed of trust, substitutions of trustee, notice of default and election to sell property, notice of trustee's sale, and trustee's deed upon sale, which were recorded in the county recorder's office; and dockets and orders from bankruptcy cases Butler had initiated.

Butler opposed the motion for judgment on the pleadings. She contended the allegations of the second amended complaint had to be liberally construed in her favor and accepted as true. Butler argued the motion was hearsay, unsupported by any testimony under oath, included citations to "bad case law," and contained false factual statements and conclusions of law. She asserted the facts that were alleged in her complaint and that "also appear on the face of recorded documents in this case and other judicially noticeable sources" were sufficient to defeat the motion. Butler complained the motion was "uncertain" because Nationstar and U.S. Bank did not identify the allegations of the second amended complaint they deemed deficient specifically enough to allow her to respond. She then went on to argue that: (1) she satisfied any tender requirement by signing the promissory note; (2) she had standing to challenge void assignments; (3) the fraud counts were alleged with sufficient particularity and were not time-barred: (4) all recorded instruments that were void on their face were subject to cancellation; and (5) the promissory note was converted because it was not returned to her when the condominium was sold by foreclosure. Butler attached to her opposition copies of one of the recorded assignments of deed of trust; a Securities and Exchange Commission (SEC) form regarding eligibility to act as a trustee; an SEC form regarding HarborView Mortgage Loan Trust 2005-10, Mortgage Loan Pass-Through Certificates, Series 2005-

7

10; and a Westlaw report on cases cited in the motion for judgment on the pleadings.

The superior court held a hearing and granted the motion. The court ruled the breach of contract claim failed because the allegations of the second amended complaint were contradicted by attached documents. It ruled the counts for wrongful foreclosure, cancellation of instruments, and quiet title failed because Butler had not alleged that she tendered the amount due on the loan or facts showing that such tender was excused. The court ruled the fraud claims failed because they were not pleaded with the required degree of particularity. It ruled the conversion claims failed because the condominium, as real property, could not be converted, and Butler had neither title to nor right of possession of the promissory note. The court denied leave to amend as to all claims.

Based on its order granting the motion for judgment on the pleadings, the superior court entered a judgment that Butler take nothing from Nationstar or U.S. Bank and dismissed the action as to them with prejudice.

## II.
## DISCUSSION

### A.  *Butler's Contentions*

Butler argues the superior court erroneously entered a judgment dismissing her action because Nationstar and U.S. Bank did not challenge her fourth cause of action (negligent hiring, supervision, or retention of employee) and the five other defendants did not join in the motion. She contends the motion was defective because it was hearsay from attorneys and provided no admissible testimony to attack her verified pleading, and because Nationstar and U.S. Bank failed to identify specific allegations that were deficient before filing the motion. Butler complains Nationstar, U.S. Bank,

8

and the superior court cited "overturned cases," and the motion contained admissions of fraud and false conclusions of law.  She argues the judgment is "void" because her second amended complaint did not omit any essential element of any of the claims, and she goes on to explain why, in her view, each claim was sufficiently alleged.  Butler also argues the foreclosure sale was not valid, because U.S. Bank made a credit bid, which she asserts is only permissible in a bankruptcy proceeding.  She faults the superior court clerk for refusing to enter a default against Aztec and the court for not acknowledging three requests for judicial notice she made.  Butler asks us to reverse the judgment and remand the matter for further proceedings.

B.     *Jurisdiction*

Before reaching the merits of Butler's claims of error, we must address a jurisdictional issue.  An appeal may be taken "[f]rom a judgment, except an interlocutory judgment . . . ."  (Code Civ. Proc., § 904.1, subd. (a)(1).)  Under the one final judgment rule, "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining."  (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 (*Morehart*.)  An exception to the rule "permits appeal from a judgment in a multiparty case determining all issues between certain parties even though issues remain to be resolved between other parties." (*Stonewall Ins. Co. v. City of Palos Verdes Estates* (1996) 46 Cal.App.4th 1810, 1830 (*Stonewall*).)  The judgment from which Butler appealed did not resolve all issues among all parties to the judgment.  It resolved all issues among Butler, Nationstar, and U.S. Bank in the wrongful foreclosure action, but it resolved no issues in the unlawful detainer action between U.S. Bank

9

and Butler, which was consolidated with the wrongful foreclosure action. Since the unlawful detainer action remains pending, we solicited letter briefs from the parties on whether we should dismiss the appeal or exercise our discretion to treat it as a petition for writ of mandate.

Butler contends the judgment in the wrongful foreclosure action is final and appealable and asks us to allow the appeal to proceed. U.S. Bank and Nationstar contend the judgment is appealable as to Nationstar but not as to U.S. Bank and ask us to treat the appeal as to U.S. Bank as a petition for writ of mandate.

Butler can appeal the judgment as to Nationstar because it resolved all issues between them. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437; *Stonewall, supra*, 46 Cal.App.4th at p. 1830.) But she cannot appeal the judgment as to U.S. Bank because issues between them remain to be resolved in the consolidated unlawful detainer action. (*Morehart, supra*, 7 Cal.4th at p. 743.) "A petition for a writ, not an appeal, is the authorized means for obtaining review of judgments and orders that lack the finality required by Code of Civil Procedure section 904.1, subdivision (a)." (*Id.* at pp. 743–744.) We may treat an appeal from a nonappealable judgment or order as an original writ proceeding if the briefs and record supply what is needed for such a proceeding and there is no indication the superior court would elect to appear in the proceeding. (*Olson v. Cory* (1983) 35 Cal.3d 390, 400–401; *Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 467.) Those conditions are met here. Since the parties ask us to decide the matter on the merits and it would "be ' "unnecessarily dilatory and circuitous" ' " to dismiss the appeal rather than to treat it as a writ proceeding, "we treat the appeal as a petition for writ of mandate" as to U.S. Bank. (*Olson*, at p. 401.)

C.    *Merits*

We now turn to the merits.  We divide Butler's claims of error into three categories—(1) procedural and other objections to the motion for judgment on the pleadings, (2) claims concerning the sufficiency of her pleadings, and (3) a miscellaneous claim—and consider each in turn.

1.    *Procedural and other objections*

Butler asserts multiple procedural and other objections.  She contends judgment on the pleadings could not be granted on the fourth count (negligent hiring, supervision, or retention of employee), because it was not mentioned in the motion, and could not be granted in favor of the five defendants who did not join in the motion.  We reject these contentions as based on a misreading of the record.  In their motion for judgment on the pleadings, Nationstar and U.S. Bank attacked the entire second amended complaint.  They grouped the fourth count, which accused Aztec's employee (Malone) of fraud and all defendants of conspiring with her to defraud Butler of the condominium by recording a fraudulent trustee's deed upon sale, with the two counts for intentional misrepresentation and argued all three failed for the same reasons.  The superior court also considered the three claims together and granted the motion as to all of them.  The judgment the court later entered dismissed only Nationstar and U.S. Bank from the wrongful foreclosure action; it did not dismiss any other defendants.

Butler next objects there was "NO Admissible Testimony to Attack [Her] Verified Complaint," the motion for judgment on the pleadings "was hearsay written by the attorneys," and Nationstar and U.S. Bank did not properly verify their answer.  These objections are based on a misunderstanding of the nature of the motion, which challenged the second amended complaint for failure to state facts sufficient to constitute a cause of

11

action. (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).) Such a motion is limited to the face of the challenged pleading and matters subject to judicial notice. (*Id.*, subd. (d); see *Hunt v. County of Shasta* (1990) 225 Cal.App.3d 432, 440.) Since the motion challenged the second amended complaint, the answer thereto was irrelevant. Furthermore, since "[p]resentation of extrinsic evidence is . . . not proper on a motion for judgment on the pleadings" (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999) and "[j]udgment on the pleadings does not depend upon a resolution of questions of witness credibility or evidentiary conflicts" (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216), Nationstar and U.S. Bank had no obligation to present admissible evidence to refute the allegations of Butler's pleading.

Butler accuses Nationstar and U.S. Bank of having cited "overturned cases" in their motion for judgment on the pleading and the superior court of having done the same in its order granting the motion. We have reviewed the six cases listed by Butler and, based on our own research, determined they remain good law.

Butler contends the motion for judgment on the pleadings "claimed false conclusions of law that ha[ve] not been proven," and the motion for judgment on the pleadings and "alleged title documents" contained "several fatal flaws" that "show[ed] signs of fraud on [their] face." She does not elaborate on these contentions in her opening brief and instead directs us to "[s]ee" the opposition she filed to the motion in the superior court. "An appellant cannot rely on incorporation of trial court papers, but must tender arguments in the appellate briefs." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 109 (*Paterno*), italics omitted.) We pass Butler's undeveloped

contentions without further consideration. (*Aton Center, Inc. v. United Healthcare Ins. Co.* (2023) 93 Cal.App.5th 1214, 1241.)

Butler objects to the superior court's consideration of the motion for judgment on the pleadings on the ground Nationstar and U.S. Bank failed to identify specific allegations they believed were deficient and the legal basis for that belief as part of the meet and confer process they were required to complete before filing the motion. (See Code Civ. Proc., § 439, subd. (a)(1).) The record contains a declaration from Nationstar and U.S. Bank's counsel, who stated that more than five days before the motion was filed he had conferred with Butler about the deficiencies in the second amended complaint and the anticipated content of the motion and that they did not reach an agreement on the merits of the arguments to be made in the motion. No more was required to proceed with the motion. (See *id.*, subd. (a)(1), (2), (3)(A).) In any event, "[a] determination by the court that the meet and confer process was insufficient shall not be grounds to grant or deny the motion for judgment on the pleadings." (*Id.*, subd. (a)(4).) Butler's objection based on the alleged insufficiency of the meet and confer process has no merit.

Butler's final objection is that the superior court never acknowledged any of her three requests for judicial notice. Only one of the requests she listed in her briefs was mentioned in her opposition to the motion for judgment on the pleadings. In its order granting the motion, the court wrote: "All requests for judicial notice are granted." The record thus shows the court took judicial notice of the documents of which Butler had requested it take notice in her opposition. She has identified no specific document in the other two requests that were not also included in the request the court granted, nor has she explained how any such document was relevant to the motion and

13

how judicial notice of it likely would have led to a ruling on the motion more favorable to her. Butler thus has not established the prejudice required to obtain reversal of the judgment. (See Cal. Const., art. VI, § 13 [no reversal unless alleged error "resulted in a miscarriage of justice"]; *Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 455 [no reversal unless appellant shows reasonable probability of more favorable result absent alleged error].)

2. *Claims regarding sufficiency of pleadings*

Having disposed of Butler's procedural objections, we turn to her contentions that the claims pleaded in her second amended complaint adequately stated causes of action and the superior court therefore erred by granting the motion for judgment on the pleadings. After setting forth the standard of review, we shall explain why her contentions lack merit.

a. *standard of review*

A defendant who has answered the complaint may move for judgment on the pleadings on the ground that "[t]he complaint does not state facts sufficient to constitute a cause of action against the defendant." (Code Civ. Proc., § 438, subds. (c)(1)(B)(ii), (f)(2).) "The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer: We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein. We may also consider matters subject to judicial notice. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory." (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298; accord, *Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 509 (*Shuster*).) " 'The burden is on [appellant] to demonstrate the manner in which the complaint

14

might be amended, and the appellate court must affirm the judgment if it is correct on any theory.' " (*Shuster*, at p. 509.)

      b.    *breach of contract*

We begin with Butler's count alleging breach of contract. She complains the superior court deprived her of due process of law by not adequately explaining in its order granting the motion for judgment on the pleadings how her allegations contradicted the loan documents. This is not enough to establish reversible error. We presume the court's order is correct, and to overcome the presumption Butler must present an argument with citations to the record and legal authorities that explains how the court erred. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894–895; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207.) Butler's failure to do so forfeits this claim of error. (*WFG*, at pp. 894–895.)

Even were the claim of error not forfeited, it would fail because Butler cannot establish the essential element of breach to support the count for breach of contract. (See *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830 [defendant's breach is essential element of claim]; *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186 [same].) Butler alleged SCME, the original lender, "breached the [deed of trust] contract" because it "fail[ed] to loan 612,000 dollars to [her] and failed to provide any consideration to the [deed of trust] contract." This allegation contradicted an earlier allegation that she signed a note promising to repay $612,000 for a loan she had received. The allegation also contradicted the terms of the deed of trust, which Butler alleged she executed and a copy of which she attached to the second amended complaint. The deed of trust states that Butler promised to repay with interest a $612,000 loan from SCME and that the deed of trust was given to

15

secure repayment. "[F]acts appearing in exhibits attached to the complaint will . . . be accepted as true and, if contrary to the allegations in the pleading, will be given precedence." (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627 (*Dodd*).) Since the deed of trust refutes the breach alleged by Butler, the superior court correctly granted the motion on the count for breach of contract.

        c.     *wrongful foreclosure, cancellation of instruments, and quiet title*

We next consider the counts for wrongful foreclosure, cancellation of instruments, and quiet title. Butler argues the superior court erroneously ruled these claims failed because she had not alleged tender of the unpaid amount of the secured debt or an excuse for not tendering that amount. Such allegations are essential to a claim for wrongful foreclosure, cancellation of instruments, or quiet title by a mortgagor of real property seeking to set aside a nonjudicial foreclosure sale for irregularity in the sale procedure. (See, e.g., *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 819 [cancellation of instruments]; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86 (*Lueras*) [quiet title]; *Shuster, supra,* 211 Cal.App.4th at pp. 508, 511 [wrongful foreclosure and quiet title]; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 (*Karlsen*) [cancellation of trustee's sale].)[2] "The rationale behind the [tender]

_____

[2]    One irregularity Butler alleged was that in the notice of trustee's sale, the trustee invoked the power to sell only a lien on the condominium, not the condominium itself. She cited the statutorily required provision in the notice that potential bidders would "be bidding on a lien, not on the property itself," and making the highest bid at the auction would "not automatically entitle [the bidder] to free and clear ownership of the property" because there could be senior liens that would have to be paid off before the bidder could get clear title. (Civ. Code, § 2924f, subd. (b)(8)(A).) Another alleged irregularity,

rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." (*FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1022.) As we shall explain, Butler sufficiently alleged neither tender nor excuse.

Butler repeatedly alleged her execution of the promissory note was a valid tender. Her theory was that "the promissory [note], negotiable in form, . . . is the equivalent of cash"; her execution of the note "created new money that did not exist before"; a loan from SCME "was never needed, as all the credit [she] used was created from [her] own deposit of her [note]"; and "[t]he funds created by the [note] were sufficient to satisfy the seller of the [condominium] when the seller granted [her] possession." Thus, according to Butler "the underlying, secured debt, if valid, had been fully satisfied the moment that [she] tendered 612,000 dollars on May 12, 2005 by issuing her [promissory note]." We are not persuaded.

Butler's theory is contrary to the deed of trust attached to her pleading, which states that under the terms of the promissory note, Butler "owes" and "promises to pay" SCME $612,000 with interest in regular periodic payments by June 1, 2035, and defines the debt evidenced by the note as the " 'Loan.' " We disregard Butler's contrary allegations. (*Lueras, supra*, 221 Cal.App.4th at p. 56; *Dodd, supra*, 222 Cal.App.3d at p. 1627.)

---

vaguely suggested in Butler's second amended complaint and more clearly articulated in her appellate briefs, was that U.S. Bank was not a bona fide purchaser of the condominium because it made an illegal credit bid at the foreclosure auction. Claims based on such alleged irregularities are subject to the tender requirement. (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1063 [defective notice]; *Lo v. Jensen* (2001) 88 Cal.App.4th 1093, 1095, 1097–1099 [illegal bid]; *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 [defective notice].)

17

Butler's theory is also contrary to law. A promissory note is not new money created by and belonging to the maker. It is a written undertaking by the maker to pay a fixed amount of money, with or without interest, on demand or at a specified time. (Cal. U. Com. Code, §§ 3103, subd. (a)(9) [defining " '[p]romise' "], 3104, subds. (a), (e) [defining " 'negotiable instrument' " and " 'note' "]; see *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 927 (*Yvanova*) [promissory note secured by deed of trust is negotiable instrument].) Making a promissory note evidences a debt; it does not pay off a debt. (*Ellison v. Henion* (1920) 183 Cal. 171, 174.) Butler thus did not tender the amount of indebtedness simply by signing the promissory note.

Butler also repeatedly alleged she was excused from tendering the full amount due on the mortgage loan because the trustee's deed upon sale and all prior recorded assignments, substitutions, and notices were "void, not merely voidable," on the ground those who executed the documents had no authority to do so.[3] No tender is required when the trustee's deed or some document in the chain of title by which the foreclosing party purportedly took a beneficial interest in the deed of trust is void on its face. (*Yvanova, supra*, 62 Cal.4th at p. 929, fn. 4; *Sciarratta v. U.S. Bank National Assn.* (2016)

---

[3] Butler also alleged the deed of trust was "void, not merely voidable, because it was proffered and procured by fraud and misrepresentation by SCME." She alleged the assignments of the deed of trust, substitutions of trustee, notice of default, notice of trustee's sale, and trustee's deed upon sale "consist[ed] of intentional misrepresentations and deceit." "A deed obtained by fraud, though voidable, is generally not void." (*Fallon v. Triangle Management Services, Inc.* (1985) 169 Cal.App.3d 1103, 1106.) A valid tender of payment of the indebtedness is essential to an action to cancel a voidable sale under a deed of trust. (*Karlsen, supra*, 15 Cal.App.3d at p. 117.) The alleged voidability of the deed of trust and other documents thus did not excuse Butler from tendering the balance due on the loan.

247 Cal.App.4th 552, 563–565 & fn. 10; *Dimock v. Emerald Properties LLC* (2000) 81 Cal.App.4th 868, 877–878.) The deed of trust and other recorded documents attached to the second amended complaint show an orderly transfer of the beneficial interest in the deed from SCME to U.S. Bank and an orderly substitution of trustee from Stewart to Aztec. Aztec, which was the trustee at the time and acted on behalf of U.S. Bank, executed the notice of default, notice of trustee's sale, and trustee's deed upon sale. None of those documents is void on its face, and Butler has provided no factual explanation as to why they are void. (See *Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 47–48 (*Kalnoki*) [rejecting borrower's conclusory assertion that trustee's deed was void on its face when recorded documents attached to pleading and documents subject to judicial notice showed unbroken chain of ownership between original and foreclosing lenders].)

Butler also mentioned in the second amended complaint other grounds to excuse tender, including the alleged invalidity of the underlying debt (*Onofrio v. Rice* (1997) 55 Cal.App.4th 413, 424) and the alleged lack of default on the mortgage loan (*Barroso v. Ocwen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1017). To the extent she invokes these grounds on the theory that she owed no debt because she created money merely by signing the promissory note, we reject them for the same reasons we rejected her contention that she made a valid tender by signing the note. (See pp. 17–18, *ante*.) We also reject these grounds for excuse from tender to the extent Butler relies on the theory that the repayment obligation she assumed by signing the promissory note became unenforceable and the deed of trust became worthless as a remedy for default when her loan was pooled with others into the mortgage loan trust for which U.S. Bank served as trustee.

Butler contends the loan was "converted," "repurposed," or "turned" into a security with no recourse against her or the condominium in the event of a default. We disagree. "The mortgage securitization process has been concisely described as follows: 'To raise funds for new mortgages, a mortgage lender sells pools of mortgages into trusts created to receive the stream of interest and principal payments from the mortgage borrowers. The right to receive trust income is parceled into certificates and sold to investors, called certificateholders. The trustee hires a mortgage servicer to administer the mortgages by enforcing the mortgage terms and administering the payments.'" (*Yvanova, supra*, 62 Cal.4th at p. 930, fn. 5.) Butler's loan thus became an asset of the mortgage loan trust and its terms remained enforceable against her when the loan was sold into the trust. The loan was not transformed into a security that relieved her of the repayment obligation.

The legal authorities Butler relies on for the argument she sufficiently alleged excuse from tender do not support her argument. The only case she cites is *Turner v. Seterus, Inc.* (2018) 27 Cal.App.5th 516. The *Turner* court held a borrower who defaulted need not tender the full amount of a mortgage loan to proceed with a wrongful foreclosure claim based on the lender's refusal to accept tender of the amount needed to cure the default and to reinstate the loan. (*Id.* at pp. 530–531; see Civ. Code, § 2924c, subds. (a)(1), (e) [borrower may stop foreclosure sale by tendering amount in default within prescribed period].) *Turner* is not on point, because Butler has not alleged she ever tendered the amount needed to cure her default.

Butler also cites Civil Code sections 2888 and 2889 as purported support for her contention that tender was excused because the trustee's deed

20

upon sale was void.[4]  She argues Aztec violated these statutes by recording a deed that transferred title to the condominium itself rather than just a lien on the condominium.  This argument is based on a misunderstanding of the nature of the deed of trust Butler executed and the nonjudicial foreclosure process.

A deed of trust given as security for repayment of a loan does not transfer title to the property; it creates only a mortgage lien on the property with a power of sale.  (Civ. Code, §§ 2888, 2924, subd. (a); *Monterey S.P. Partnership v. W. L. Bangham, Inc.* (1989) 49 Cal.3d 454, 460.)  Under a deed of trust, "the borrower, or 'trustor,' conveys nominal title to property to an intermediary, the 'trustee,' who holds that title as security for repayment of the loan to the lender, or 'beneficiary.' " (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334.)  The trustee must either reconvey the deed of trust to the borrower upon repayment of the loan, resulting in a release of the lien created by the deed of trust, or foreclose on the property upon the borrower's default and the lender's request, resulting in a sale of the property.  (*Monterey S.P. Partnership*, at p. 460; *Kachlon*, at p. 334.)  If the borrower defaults, any agreement by the borrower made in advance of the default that purports to forfeit the property or to restrain the right of redemption is "void."  (Civ. Code, § 2889; see *Hamud v. Hawthorne* (1959) 52 Cal.2d 78, 84.)  Nothing in the deed of trust forfeited or restrained Butler's redemption rights in advance of her default.  " '[T]he right to redeem will continue until the debt is paid *or until the equity of redemption is foreclosed*

---

4      Civil Code sections 2888 and 2889 concern liens in general.  Section 2888 states:  "Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien."  Section 2889 states:  "All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void."

or barred, or duly and sufficiently released.' " (*Winkleman v. Sides* (1939) 31 Cal.App.2d 387, 405, italics added.)  Where, as here, the borrower defaults and the lender exercises the power of sale under the deed of trust, the borrower's right of redemption is cut off and the lien extinguished on completion of the trustee's sale.  (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 831 (*Moeller*); *Ballengee v. Sadlier* (1986) 179 Cal.App.3d 1, 4–5.)  The purchaser "receives title under a trustee's deed free and clear of any right, title or interest of the [borrower]." (*Moeller*, at p. 831.)[5]  The trustee's deed upon sale that Aztec recorded thus was not void based on any violation of Civil Code section 2888 or 2889.

We conclude Butler alleged neither a valid tender of the amount due on the mortgage loan nor a valid excuse from such tender.  The superior court correctly granted judgment on the pleadings on the counts for wrongful foreclosure, cancellation of instruments, and quiet title.

---

[5]     We reject Butler's contention that the trustee's sale was illegal and U.S. Bank acquired no title to the condominium at the sale because it made a credit bid, which she says can be made only in a bankruptcy proceeding by "a true creditor" that has filed a valid proof of claim.  The beneficiary under a deed of trust (here, U.S. Bank) may become the purchaser at a trustee's sale by making a credit bid against the total amount due from the trustor (here, Butler) plus trustee's fees and expenses.  (Civ. Code, § 2924h, subd. (b); *Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 815–816; *Kalnoki, supra*, 8 Cal.App.5th at p. 45.)  The beneficiary may bid less than the full indebtedness (*Cornelison v. Kornbluth* (1975) 15 Cal.3d 590, 607) and acquire the property if that is the highest bid (Civ. Code, § 2924g, subd. (a)(1); *Moeller, supra*, 25 Cal.App.4th at p. 830).  That is what happened in this case.

### d. *fraud*

We now turn to Butler's fraud claims.[6]  In arguing these claims were sufficiently alleged, Butler lists the elements of fraud, states the allegations of the second amended complaint must be liberally construed in her favor and accepted as true, and asserts "all elements were fully alleged" by citing several paragraph numbers of the second amended complaint.  "To withstand a demurrer, the *facts* constituting every element of the fraud must be alleged with particularity, and the claim cannot be salvaged by references to the general policy favoring the liberal construction of pleadings." (*Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 782.)  Butler neither quotes nor paraphrases any specific allegations, cites no legal authorities, and presents nothing recognizable as a legal argument that her allegations satisfied the heightened pleading standard applicable to fraud claims.  "It is the appellant's responsibility to support claims of error with citation and authority; this court is not obligated to perform that function on the appellant's behalf." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656.)  We decline Butler's invitation to "[s]ee [her] [o]pposition that addressed additional errors in [the motion for judgment on the pleadings] in more detail."  "An appellant cannot rely on incorporation of trial court papers, but must tender arguments in the appellate briefs." (*Paterno, supra,*

---

[6]     As we noted earlier, the superior court considered as one of Butler's fraud claims her count asserting negligent hiring, supervision, and retention of the Aztec employee (Malone) who purportedly conspired with all defendants to defraud Butler of her condominium by recording an allegedly fraudulent trustee's deed upon sale.  (See p. 11, *ante*.)  Butler does not discuss in her opening brief the adequacy of her pleading of that count.  We thus deem the count abandoned.  (*Title G. & T. Co. v. Fraternal Finance Co.* (1934) 220 Cal. 362, 363; *Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 312 (*Rufini*); *Aragon-Haas v. Family Security Ins. Services, Inc.* (1991) 231 Cal.App.3d 232, 241 (*Aragon-Haas*).)

74 Cal.App.4th at p. 109, italics omitted.) The challenge to the ruling on these causes of action is forfeited. (*Guarino v. County of Siskiyou* (2018) 21 Cal.App.5th 1170, 1179.)

e.  *conversion*

We next consider the adequacy of Butler's pleading of the claims for conversion. Butler does not argue the count for conversion of the condominium sufficiently stated a cause of action. We therefore deem that claim abandoned and do not address it. (*Rufini, supra*, 227 Cal.App.4th at p. 312; *Aragon-Haas, supra*, 231 Cal.App.3d at p. 241.) She does argue the count for conversion of the promissory note was sufficiently stated because, in her view, a note is a negotiable instrument that still has value after a foreclosure sale and must be returned to the borrower when the debt is paid. We reject this argument.

" 'To establish a conversion, [Butler] must establish an actual interference with [her] *ownership* or *right of possession*. . . .  Where [Butler] neither has title to the property alleged to have been converted, nor possession thereof, [she] cannot maintain an action for conversion.' " (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 136.) Butler cannot establish any such interference. Under the terms of the deed of trust, she was entitled to receive a copy of the promissory note upon execution of the deed of trust, and SCME was entitled to sell the note without prior notice to her. Under both the terms of the deed of trust and a statute governing deeds of trust, Butler was entitled to receive the original note when she paid off the loan secured by the deed of trust. (Civ. Code, § 2941, subd. (b); *Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 476.) Where, as here, the borrower defaults and the lender exercises the power of sale under the deed of trust, the trustee has a duty to cancel the note on completion of the sale.

(*Kerivan v. Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225, 231.)  Hence, because Butler never had ownership or possession of the original note and did not pay off the loan so as to be entitled to receive the note, she has no claim for conversion of the note.

f.      *leave to amend*

Finally, we note that Butler has shown no error in the superior court's denial of leave to amend.  It is her burden to identify specific factual allegations she could add to cure the defects in the second amended complaint.  (*York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1197; *Shuster, supra*, 211 Cal.App.4th at p. 509; *Shimmon v. Franchise Tax Bd.* (2010) 189 Cal.App.4th 688, 692–693).  In her reply brief, Butler asserted in a heading that "Leave to Amend Should be Granted," but under that heading she did not specify any facts she would add to overcome the defects in her pleading.  She has not sustained her burden on appeal.

3.      *Miscellaneous claim*

Butler's last claim is that the superior court clerk erroneously refused to grant her request for entry of default against Aztec.  That claim is beyond the scope of our review, which is limited to the judgment on appeal and any intermediate ruling that led up to or directly relates to the judgment.  (Code Civ. Proc., § 906; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 948.)  Aztec is not a party to the judgment before us, and the clerk's refusal to enter default against Aztec has nothing to do with the judgment.  Any review of that refusal must await an appellate proceeding to which Aztec is a party and which challenges a judgment or order to which the refusal led or relates.

### III.

### DISPOSITION

The judgment is affirmed as to Nationstar.  The appeal is treated as a petition for writ of mandate as to U.S. Bank, and the petition is denied. Nationstar and U.S. Bank shall recover their costs incurred in this court.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.